64 255
126 318

## HARRINGTON *v.* DOLLMAN.

MECHANIC'S LIEN.—*Notice Claiming too Much.*—*Special Finding.*—In an action to enforce a mechanic's lien, the court found specially that the amount

really due to the plaintiff was much less than the amount claimed in the notice of the lien, but also found that the notice was recorded in good faith, under a mistaken opinion as to the amount due.

*Held*, the evidence not being in the record, no objection having been made to the introduction of the notice in evidence, if, indeed, it was introduced, and the complaint not having been attacked by demurrer, that the conclusion of law authorized a judgment for the plaintiff

From the Marion Superior Court.

*F. H. Levering, D. M. Bradbury* and *C. Ballenger*, for appellant.

*G. Carter* and *J. N. Binford*, for appellee.

NIBLACK, J.—This was a suit brought by Charles Dollman against Isaac Harrington and Sarah Harrington, his wife, Andrew J. Chambers, The Travellers Insurance Company, Jacob B. Julian and Sylvester Johnson, to enforce a mechanic's lien.

The complaint stated, that, in June, 1875, the defendant Chambers employed the plaintiff to furnish all the materials for, and to erect for him, a frame dwelling-house and out-houses, plastering excepted, on a lot in the town of Irvington, in the county of Marion, of which lot the said Chambers was then the owner, for which the said Chambers agreed to pay the plaintiff the sum of two thousand three hundred and fifty dollars, to be paid as the work progressed; that the plaintiff had in all respects performed his said contract, and had, in addition, done extra work and furnished other materials to the value of sixty-four dollars and ten cents; that said Chambers had made some payments for such work and materials, leaving a balance due upon the same of one thousand six hundred and fifty dollars; that, on the 25th day of October, 1875, and within sixty days after the completion of said buildings, the plaintiff filed in the recorder's office of Marion county a notice of his intention to hold a mechanic's lien on said lot for said balance of one thousand six hundred and fifty dollars,

a copy of which notice was filed with the complaint; that, after said buildings were nearly completed, the said Chambers conveyed said lot to one William Chambers, who soon thereafter conveyed the same to the defendant Isaac H. Harrington, the present owner thereof; that the other defendants, The Travellers Insurance Company, Jacob B. Julian and Sylvester Johnson, claimed some interest in said lot as mortgagees thereof. Wherefore the plaintiff demanded judgment against the defendant Chambers for one thousand six hundred and fifty dollars, and for the enforcement of his lien against said lot.

Chambers and Harrington and wife answered in general denial. Harrington and wife also answered in three additional special paragraphs; but, as it was afterward agreed between the parties that all matters of defence might be given in evidence under the general denial, it is not necessary that we shall further notice those special paragraphs. The other defendants made default. The cause was submitted to the court, at special term, for trial and a special finding.

After stating some general conclusions from the evidence, not embraced in the special finding, the court proceeded to state, as follows:

"And the following special finding herein is now filed in the words and figures following:

"1st.  The court makes a special finding in said cause, at the request of the said defendants Isaac H. Harrington and Sarah Harrington, his wife.

"2d.  The plaintiff complied, substantially, with the terms of his contract, under which the building mentioned in his complaint was erected, and the materials therein mentioned were furnished to be used, and were in fact used; and the work therein mentioned was done, upon said building; the contract being to build the house for twenty-three

hundred and fifty dollars ($2,350.00); he did extra work, to the amount of fifty-four dollars and eighty cents ($54.80); there is due, of interest accrued to date of decree, sixty-three dollars and nineteen cents ($63.19) ; making, in all, a total of twenty-four hundred and sixty-seven dollars and ninety-nine cents ($2,467.99).

" 3d. That he caused to be recorded, in mechanic's lien record of Marion county, Indiana, a notice of his intention to hold a lien on the real estate on which said house was erected, to wit, lot ninety (90), in Julian, Johnson, Rolls & Goode's subdivision and addition to Irvington, for the sum of sixteen hundred and fifty dollars ($1,650.00), October 25th, 1875, and within less than sixty days after the completion of said work.

" 4th. That, at the date said lien was recorded, there was owing the plaintiff, for work done and material furnished said house, the sum of one thousand and fifty-eight dollars and fifty-four cents ($1,058.54), on account of said work and labor done and material furnished, and there had been paid to said plaintiff, on account of said work and materials, by the defendant Chambers, the sum of twelve hundred and two dollars ($1,202.00), prior to that date. But, prior to the time when plaintiff filed his notice of lien, as aforesaid, he had had other dealings with said Andrew J. Chambers. There had been no settlement of accounts between them, and plaintiff did not then know, nor was it ascertained until it was determined upon the trial, the exact amount which should be applied upon account of the building of the house now owned by defendant Harrington ; and when plaintiff filed his notice of lien thereon, he did so in good faith, and without any fraudulent intent to falsely state therein the amount due.

" 5th. That the sum of five hundred dollars ($500.00) of this amount was subsequently paid to plaintiff, by deeding to him a certain lot in the city of Indianapolis, as pro-

Harrington *v.* Dollman.

vided for in the contract, which was done before the commencement of the suit.

" 6th.  That there is now due the plaintiff, from the defendant Andrew J. Chambers, the sum of five hundred and fifty-eight dollars and fifty-four cents ($558.54).

"And the court, upon the foregoing facts, finds, as a conclusion of law, that the plaintiff is entitled to a foreclosure of his lien on said real estate, and a sale thereof to satisfy said sum of five hundred and fifty-eight dollars and fifty-four cents ($558.54), and that the equity of redemption of the said Isaac H. Harrington and wife be foreclosed and barred, except as provided by law, and decree ordered accordingly," to which conclusions of law the defendant Isaac H. Harrington at the time excepted.

Judgment was then rendered against the defendant Chambers for the amount found to be due to the plaintiff, supplemented by a decree ordering and directing the real estate above described to be sold to satisfy said judgment.

The defendant Isaac H. Harrington appealed to the general term, where he assigned, in substance, for error, that the court at special term had erred in its conclusions of law from the facts as found by it, but the judgment at special term was affirmed.

The said Harrington has further appealed to this court, assigning error upon the proceedings below, at general term.

The principal objection urged to the proceedings below is the alleged insufficiency of the notice of lien.

It is insisted, that, as the amount claimed to be due by the notice was much larger than was found to have been really due at the time it was filed, the notice was thereby shown to have been invalid as a notice of lien, not being sufficiently specific within the meaning of the statute.

The evidence is not in the record, nor is it shown that there was any objection to the introduction of the notice in evidence, or, indeed, that it was put in evidence at all.

Nor is it made to appear that any question was raised upon the complaint as to the sufficiency of the notice. Under these circumstances, all there is before us concerning the notice is what is said in relation to it in the special finding.

The special finding, we think, satisfactorily explains the discrepancy between the amount claimed to be due and that which was found to be really due, and makes the notice appear to have been otherwise sufficient.

It was also stated in the complaint, that the defendant Chambers, on the 7th day of October, 1875, executed to the plaintiff his negotiable note, payable sixty days after date, at the First National Bank at Indianapolis, for five hundred dollars, and it is further insisted, that the execution of that note operated as a payment by Chambers of the amount for which it was given. But the special finding makes no mention of that note, and finds nothing in relation to it. The record, therefore, presents no question upon that note for our decision.

We see no error in the record, of which the appellant can complain here.

The judgment is affirmed, at the appellant's costs.