### RANKIN ET AL. *v.* WALKER.

PLEADING.—*Complaint on Account and to Enforce Mechanic's Lien.—Copy of Notice Struck Out.*—Where, in an action to recover, and to enforce a mechanic's lien, for the value of building materials alleged to have been furnished by the plaintiff for the defendant, the copy of the notice of the alleged lien is struck out of the complaint on motion, it can not be considered by the court in determining the sufficiency of the complaint thus eliminated.

SAME.—If, in such case, the facts alleged in the complaint, after striking out the copy of notice, show an indebtedness due from the defendant to the plaintiff, it is sufficient on demurrer.

From the Dearborn Circuit Court.

*R. Gregg* and *J. A. Parks*, for appellants.

*J. D. Haynes* and *J. K. Thompson*, for appellee.

NIBLACK, J.—This was an action to recover the value of materials alleged to have been furnished for and used in a building owned by the appellee, the defendant below.

The complaint was in two paragraphs.

The first paragraph was as follows:

"Chas. S. Rankin, Augustus Rankin and Oliver L. Rankin, doing business under the firm name and style of C. S. Rankin & Company, complain of John Walker, and for a cause of action say, that the defendant is owing and indebted to them in the sum of $89.80, for building materials furnished by plaintiffs to him, and further say that these plaintiffs, in the above entitled cause, furnished building materials on the 11th day of June, 1873, for the purpose

of constructing and erecting a new frame dwelling-house upon the lands of the said defendant, and that the said John Walker acquiesced in the furnishing of said materials and accepted the same, and thereby became and is indebted to these plaintiffs in the sum of eighty-seven dollars and eighty cents, is now in possession and living in the said house, and that the materials furnished by the plaintiffs to the defendant were reasonably worth one hundred dollars, all of which remains unpaid and due.

"A bill of the said materials is filed herewith, and also the lien which was filed in the recorder's office, and recorded within sixty days after the said building was completed, giving a complete description of the real estate upon which this building was erected, and locating the same in Dearborn county and State of Indiana, and forming a part of the plaintiffs' complaint. The plaintiffs pray judgment for $87.80, that it be adjudged a lien on said property, and for a sale thereof, and all other proper relief."

The second paragraph alleged, that the defendant contracted with one Joseph Suserman to erect for him, on certain real estate owned by him, a frame dwelling-house, and that the plaintiffs furnished to the said Suserman certain materials, as set forth in the first paragraph, which were used by him, said Suserman, in the construction of said building; that notice of the plaintiffs' intention to hold a lien on said building and real estate, for said materials, had been filed and duly recorded in the recorder's office, within sixty days after the completion of said building. Wherefore judgment was demanded for the enforcement of said lien.

A notice of an intention to hold a lien on said building and real estate, marked as "Exhibit A," was filed with both paragraphs of the complaint.

On the defendant's motion, the court struck out of the complaint the notice of lien, known as "Exhibit A," as

above stated, and then sustained a demurrer to the first paragraph of the complaint thus eliminated.

The plaintiffs refusing to plead further, a final judgment upon demurrer was rendered against them.

Errors are assigned upon the sustaining of the demurrer to the first paragraph of the complaint and upon the striking out of the notice of lien, as above set forth.

The notice of lien, having been struck out of the complaint and not having been brought back into the record by a bill of exceptions, is not properly before us, and hence we can not review the action of the court in striking it out. *Kesler* v. *Myers*, 41 Ind. 543; *Miles* v. *Buchanan*, 36 Ind. 490; *Potter* v. *Stiles*, 32 Ind. 318; *Fisher* v. *Ewing*, 30 Ind. 130.

There is a bill of exceptions in the record, but it does not set out, or otherwise identify, the notice which it is complained was improperly struck out.

The facts set up in the first paragraph of the complaint might have been much more compactly and precisely pleaded, but we think these facts, as stated, were sufficient to authorize the inference of a purchase of the materials sued for by the defendant, and of a consequent indebtedness by him to the plaintiffs for such materials.

Independently of all reference to the notice of an intention to hold a lien, enough was averred to justify a personal judgment against the defendant.

The court therefore erred in sustaining the demurrer to this first paragraph of the complaint. *Bourgette* v. *Hubinger*, 30 Ind. 296; *O'Halloran* v. *Leachey*, 39 Ind. 150; *Harrington* v. *Dollman*, 64 Ind. 255.

The judgment is reversed, with costs, and the cause remanded with instructions to overrule the demurrer to the first paragraph of the complaint, and for further proceedings.