Fordyce *et al.* *v.* Pipher *et al.*

———◆———

No. 9351.

FORDYCE ET AL. *v.* PIPHER ET AL.

LIEN OF EMPLOYEE.—*Corporation.*—*Notice.*—*Sheriff.*—*Answer.*—In an action against a sheriff to recover personal property seized under execution, an answer undertaking to show that the execution plaintiff had a lien thereon under sections 5286, 5287, R. S. 1881, but failing to allege when or where the notice was filed, or where recorded, is insufficient.

SAME.—An answer, in such case, which fails to allege that the property seized, at the time of the levy or of the issue of execution, or between those times, belonged to the execution debtor, does not show the ordinary lien of an execution.

VOLUNTARY ASSIGNMENT.—*Recording of.*—*Evidence.*—A voluntary assignment for the benefit of creditors, not recorded within ten days, as required by sec. 2663, R. S. 1881, is not admissible in evidence.

From the Martin Circuit Court.

*J. H. Stotsenburg* and *C. S. Dobbins*, for appellants.

*T. M. Clarke, E. Moser, W. R. Gardiner* and *S. H. Taylor*, for appellees.

BICKNELL, C. C.—This was an action by the appellants to

recover the possession of personal property, which had been taken by the appellee Pipher, who was sheriff, upon executions in favor of the other appellees and against the Nelson Iron and Coal Company.

The answer was, 1st. The general denial. 2d. A special answer, claiming that the defendant Shaw had a lien upon the property under the act of March 13th, 1877 (Acts 1877, Spec. Sess., p. 27), as an employee of said Nelson Iron and Coal Company, and that the property was taken by said defendant Pipher, as sheriff, under an execution issued to him from the Martin Circuit Court, upon a judgment obtained against said company by said Shaw for work and labor.

A demurrer to this special answer was overruled. The plaintiffs replied in denial. The issues were tried by the court, who found for the defendants; the plaintiffs' motion for a new trial was overruled; judgment was rendered for the defendants and the plaintiffs appealed. There is no brief for the appellees.

The first error assigned is, overruling the demurrer to the second paragraph of the answer.

So far as this paragraph claims a lien, it is not sufficient.

It does not state when the notice was filed, nor where it was filed, nor where it was recorded. Sometimes a defective pleading may be aided by the copy of the notice filed therewith. *City of Crawfordsville* v. *Boots,* 76 Ind. 32. But there is no copy of the notice filed with this paragraph, and the only allegation as to the filing of the notice is, that " on the——day of——, 1880, the defendant filed his notice." It is not stated where the notice was filed.

The only allegation as to recording the notice is, that " he caused said notice of lien to be recorded in said recorder's office." It is not stated in what recorder's office, nor is any recorder or recorder's office previously mentioned in said second paragraph.

Notwithstanding these defects, the paragraph might be good if it showed a judgment and execution against the owner of

the property, and a levy and seizure of the property by the sheriff under such execution. *Rankin* v. *Walker*, 65 Ind. 222; *Woollen* v. *Wishmier*, 70 Ind. 108. The paragraph under consideration, however, fails to do so.

It does not show that the property, when levied on or when the execution was issued, was the property of the Nelson Iron and Coal Company; it avers, that "at the time of said contract, and during the time the defendant Shaw was performing said labor, the said corporation was and became the owner of all the property mentioned in the complaint;" this was between February 11th and June 23d, 1880. The paragraph then states the recovery of a personal judgment by Shaw against the corporation for $570 at the November term, 1880, of the Martin Circuit Court, and the issuing of an execution thereon on November 18th, 1880, and the levy of said execution and seizure of the property by the defendant Pipher under the execution, but it is nowhere averred that at the time of the issuing of the execution, or of the levy of it, the property was the property of the corporation.

This paragraph of the answer, therefore, was not only defective in its undertaking to show a lien under the act of March 13th, 1877, *supra*, but it failed to show the ordinary lien of an execution levied on the property of the execution debtor.

The court below, therefore, erred in overruling the demurrer to the second paragraph of the answer.

The second error assigned is, that the court excluded a written assignment from the Nelson Iron and Coal Company to the plaintiffs, dated July 1st, 1880, of all its lands, tenements and hereditaments, goods and chattels, including all their right to and interest in a certain iron furnace, and lands annexed thereto, in Shoals, Martin county, Indiana, under and by virtue of a certain lease recorded, etc. This assignment was recorded, as appeared by the proper indorsement thereon, on November 24th, 1880.

It was excluded as void under the statute of voluntary assignments. 1 R. S. 1876, p. 142.

The objection made to this ruling in the appellants' brief is, that it did not appear that said assignment was made by a person in " embarrassed or failing circumstances." The appellants' counsel say : " We fail to find that there was any proof or admission that the Nelson Iron and Coal Company was in embarrassed or failing circumstances." But the assignment, in connection with the facts proved, sufficiently shows that the company was in embarrassed or failing circumstances.

There was no error in excluding the assignment.

For the error in overruling the demurrer to the answer the judgment of the court below ought to be reversed.

This result renders it unnecessary to consider the other errors assigned.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to the court below to sustain the demurrer to the second paragraph of the answer.