[Argued November 2, 1892; decided November 7, 1892.]

## NICOLAI *v.* VAN FRIDAGH ET AL.

[S. C. 31 Pac. Rep. 288.]

1. MECHANICS' LIEN — NOTICE — AMOUNT DUE.— While the mechanics' lien law will be liberally construed, it is essential to the validity of a lien that the notice or claim filed shall on its face show a substantial compliance with the provisions of the law, and none of the essential requirements of the statute can be dispensed with. *Kezartee* v. *Marks*, 15 Or. 529 (16 Pac. Rep. 407), and *Gordon* v. *Deal*, 23 Or. *post*, 153 (31 Pac. Rep. 287), approved and followed.

2. IDEM.— Under section 3673, Hill's Code, the notice or claim of lien must contain a true statement of the amount actually due; and a mistake in that statement will render the lien void, unless the mistake is one about the amount or price of labor, or the quantity or value of material furnished, in regard to which there might be an honest difference of opinion.

Multnomah County: LOYAL B. STEARNS, Judge.

Defendants appeal. Reversed.

*Arthur C. Emmons,* for Appellants.

*H. B. Nicholas,* for Respondents.

BEAN, J.—This is a suit by the Nicolai Bros. Co. to enforce a mechanics' lien against the property of Van Fridagh, for the value of certain material furnished by

plaintiff to F. Moeller, a contractor for the construction of a dwelling house for the defendant Van Fridagh, and by Moeller used in the erection of said house. A decree was entered in the court below in plaintiff's favor, from which defendants appeal.

1. It is contended by defendants' counsel that the statement of lien upon which this suit is based, does not comply with the provisions of the act relating to mechanics' liens, because, among other objections, it does not contain a true statement of plaintiff's demand after deducting all just credits and offsets. This objection we regard as fatal to plaintiff's claim, and therefore shall not notice the other points urged. We have repeatedly held that while the act relating to mechanics' liens should be liberally construed, it is essential to the validity of a lien that the claim filed should on its face show a substantial compliance with the provisions of the law, and that none of the essential requirements of the statute can be dispensed with: *Kezartee* v. *Marks*, 15 Or. 529 (16 Pac. Rep. 407); *Gordon* v. *Deal*, 23 Or. *post*, 153 (31 Pac. 287). It is a right given solely by statute; and one attempting to avail himself of the privilege thus conferred must show a substantial compliance with the provisions of the law conferring it.

2. Under the provisions of section 3673, Hill's Code, it is essential to the validity of a mechanics' lien that the statement filed contain, among other things, a "true statement of the claimant's demand, after deducting all just credits and offsets"; and it is admitted the lien in this case does not contain such a statement. It states the value of the material furnished by plaintiff to be seven hundred and eighty-three dollars, and that no payments have been made thereon, while it is admitted by plaintiff that prior to the filing of the lien, one hundred dollars had been paid on this account by Moeller and was credited on its books. The only excuse given for this misstatement is, that the agent of plaintiff who verified the lien relied on the bookkeeper's statement as to the

amount due, and did not himself examine the books to ascertain the condition of the account; and for this reason, and because the misstatement was not fraudulent, wilful, or intentional, it is urged the lien ought not to be invalid on that account.

The authorities are generally agreed that where in the lien filed there is an honest mistake in the amount or price of labor, or the quantity or value of material furnished, about which there might be a difference of opinion requiring evidence to ascertain the true facts, it will not defeat the lien; and such is the effect of the authorities cited and relied upon by counsel for plaintiff: *Bank* v. *Curtiss*, 18 Conn. 342; *Hopkins* v. *Forrister*, 39 Conn. 351; *Harrington* v. *Dollman*, 64 Ind. 255; *Albrecht* v. *Foster Lumber Co.* 126 Ind. 318 (26 N. E. Rep. 157); *Harmon* v. *R. R. Co.* 86 Cal. 617 (25 Pac. Rep. 124); *Allen & Co.* v. *Mining & Smelting Co.* 73 Mo. 688; *Black* v. *Appolonio*, 1 Mont. 342. But where the claimant seeks to enforce his lien against the property of one with whom he did not contract, and to whom he did not furnish labor or material, and in his statement as filed neglects to deduct from the amount of his claim payments which have been made thereon, and thereby puts on record a statement which he knows, or could have known by the exercise of reasonable diligence, was not "a true statement of his claim, after deducting all just credits and offsets," the authorities, so far as we can ascertain, under statutes like ours, seem to be uniform in holding that he loses his lien: *Hoffman* v. *Walton*, 36 Mo. 613; *Kling* v. *Railway Const. Co.* 7 Mo. App. 410; *Stubbs* v. *Clarinda College Springs*, 65 Iowa, 513 (22 N. W. Rep. 654); *Gibbs* v. *Hanchette*, 51 N. W. Rep. 619. In *Lynch* v. *Cronan*, 6 Gray 531, the lien was held invalid because the claimant omitted to deduct from the amount stated in the certificate filed a payment of four dollars, Chief Justice SHAW saying: "The statute expressly provides the lien shall be dissolved, unless the person seeking to avail himself of it files within sixty days, in the registry of deeds, 'a

certificate containing a just and true account of the demand justly due to him after all just credits given.' The amount of all just credits is a fact which lay particularly within the petitioner's own knowledge, and which he was bound to state truly." The fact that the legislature of Massachusetts subsequently saw proper to provide by law that "no inaccuracy" in the certificate stating the amount due, shall invalidate the proceedings unless such misstatement is wilfully and knowingly made, does not impair the value of the case as authority in this state, where no such provision of law is found. In *Hoffman* v. *Walton*, *supra*, the mistake consisted in not giving a credit for one hundred and sixty dollars paid, and Wagner, J., speaking for the court, after disclaiming any intention to hold that an honest mistake in the price of labor or in the value charged for materials would defeat the lien, said: "But we have decided that receiving part payment and neglecting to credit it on the account, was such a failure to comply with the law as effected that result. So far as the property holder is concerned, the proceeding is strictly *in invitum;* the sub-contractor or material man subjects his property to an incumbrance or burden without any contract with him; it is a special and extraordinary remedy or privilege given by law; and nothing, we presume, is better settled than that one attempting to avail himself of the advantages of a remedy or privilege of this character, must fully comply with the provisions of the law conferring it." And in *Gibbs* v. *Hanchette*, *supra*, it is said by the supreme court of Michigan, by Grant, J.: "There is good reason for requiring strictness, accuracy, and truthfulness in filing these statements. They are proceedings *ex parte* and *in invitum* as to those against whom they are aimed. The effect is to tie up the property, to prevent sales and the raising of money by mortgage. * * * Lienors, with knowledge of the status of the account, or with information thereof at their disposal, cannot be excused for a failure to file this truthful statement, so wisely and clearly required by

Points decided.       .

the statute.    To hold otherwise would result in offering a premium for thoughtlessness and carelessness, and in establishing liens contrary to the provisions of law."

It follows therefore that plaintiff's lien is invalid, and the decree of the court below must be reversed and the complaint dismissed.