Argued 9 February, decided 10 April, 1905.

## LEWIS v. BEEMAN.

80 Pac. 417.

MINERS' LIENS—PROPER AND NECESSARY PARTIES.

1. Under B. & C. Comp. § 5668, making lessors of mining property, though worked by lessees, liable for the claims of miners, unless a copy of the lease is recorded in the mine records in the proper county, and Section 5672, requiring persons personally liable for the payment of the claims of miners to be made parties to a suit to foreclose a lien on the mine, the lessees are proper though not necessary parties. The statute is for the benefit of the owner, and he may expressly or impliedly waive his right to have the lessee brought in, as, by not so demanding at the proper time.

MINERS' LIENS—DESCRIPTION OF PROPERTY.

2. In a suit to foreclose miners' liens, no issue being raised as to the identity of the property in question, it is not necessary to introduce in evidence the record of mining claims referred to in the lease of the property given by defendants and in the notice of lien, nor certified copies of the mining journals of the county relating to the property, but a sufficiently certain decree can be rendered by referring to the volume and page of the records in question, as specified in the lease and notice of lien.

MINERS' LIENS—BURDEN OF PROOF AS TO PAYMENTS.

3. In a suit to subject leased property to the satisfaction of miners' liens arising out of debts contracted by the lessee, the burden is on the lien claimants to show, as against the owners, that no payments have been made on account of their liens since they were filed.

PRIORITY OF LEASE OVER LIENS.

4. Under the express provisions of B. & C. Comp. § 5668, no lien can be enforced against mining property for labor performed for the lessee where the lease was recorded before the work was begun.

MINERS' LIEN—STATEMENT OF AMOUNT DUE.

5. Under Section 5669, B. & C. Comp., relating to liens against mining claims, which requires a claimant to file a "true statement of his demand, after deducting all just credits," a statement not giving a credit for a conceded payment is fatally defective, even though the credit be unimportant in amount.

From Jackson: HIERO K. HANNA, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by Alfred Lewis and others to foreclose miners' liens. The defendants Joseph H. Beeman and Hattie H. Beeman on November 1, 1902, leased to the defendants F. B. Flanders and N. H. Beers certain quartz mining claims and other real property in Jackson County, together with a stamp mill erected thereon; and, the possession of the premises having been delivered to the lessees, the several plaintiffs were employed in operating and developing the mines. Flanders left the property

December 8, 1902, in charge of the plaintiff Alfred Lewis, who two days thereafter dismissed the laborers; and within the time prescribed by law they severally filed liens against the mining claims and mill to secure the sums due each, respectively, as follows: Alfred Lewis, $85.75; M. L. Hall, $29.50; S. C. Lawrence, $42.25; Frank Cardwell, $63; Thos. E. Jones, $30; and John F. Troy, $34. These laborers, as plaintiffs, commenced a joint suit to foreclose their several liens, in which the premises were described as in the lease and in the several notices of liens; the description of the first mine mentioned in the complaint, illustrating the manner of identifying the property, is as follows: "That certain quartz mining claim known as the 'Columbia,' amended location notice of which is recorded in volume 11, at page 610, of the mining records for Jackson County, Oregon"— alleging that the several mining claims produced gold, and were operated as one mine; that the ore extracted therefrom was reduced at the mill in question; that the defendants Joseph and Hattie H. Beeman were the reputed owners of the property; that the defendant Flanders was in charge thereof, and the defendant Beers was reputed to be connected in some manner therewith; that each of the several plaintiffs had been compelled to pay the sum of $1.25 for recording his notice of lien; and that the sum of $20 each was a reasonable attorney's fee for the foreclosure of the several liens. The summons was served only on the defendants Joseph and Hattie Beeman, who, alone appearing, answered, denying upon information and belief the material allegations of the complaint, and, for a further defense, averring that Hattie H. Beeman was the owner of the mill, and Joseph H. Beeman of all the mines, described in the complaint; that the defendants Flanders and Beers were operating the mines under the written lease hereinbefore mentioned, which was executed prior to the time when either of the plaintiffs began their labor on the property, of which they had notice, and agreed not to claim any lien on the mining claims for any labor so performed, but that they would look to Flanders and Beers for the payment of any sums that might be due them. The reply having put in issue the allegations of new matter in the answer, the cause was referred to F. M. Calkins, who took and reported

the testimony, which, when submitted, the court dismissed the suit because the defendants Flanders and Beers did not appear, that they were not served with process, nor was any showing made that they were not in Jackson County, and the plaintiffs appeal.                                           REVERSED.

For appellants there was a brief over the names of *J. L. Hammersly* and *Enoch B. Dufur*, with an oral argument by *Mr. Dufur*.

For respondents there was a brief over the names of *A. Evan Reames* and *C. L. Reames*, with an oral argument by *Mr. Clarence L. Reames*.

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is contended by plaintiffs' counsel that, without any objection on the part of either of the Beemans, the cause was referred, and, the testimony having been taken in pursuance thereof, they are estopped to assert that Flanders and Beers should have been served with process, and hence an error was committed in dismissing the suit. The statute commands that all persons personally liable for the payment of the sum due for labor performed in operating or developing a mine, to secure which sum a lien is foreclosed, shall be made parties: B. & C. Comp. § 5672. In *Osborn* v. *Logus,* 28 Or. 302 (37 Pac. 456, 38 Pac. 190, 42 Pac. 997), in construing a similar provision in another section of the statute, it was ruled that, in a suit to foreclose a mechanic's lien, though the contractor ought to be brought in, if he could be served with process, he was not an absolutely indispensable party, and that, unless an objection for lack of parties was made by demurrer or answer, the defect was waived. In deciding that case, Mr. Justice WOLVERTON, in referring to another class of parties, says: "Subsequent lienors are considered necessary parties, but their absence from the record does not perforce of that fact, render the proceeding a nullity; but interested parties may require that they be brought in for their protection, and proper parties may be brought in if deemed necessary." Flanders and Beers, having leased the mining claims, and employed plaintiffs to assist in working and developing them, were personally liable for the payment of the wages agreed to

be paid therefor. If the lease executed by Joseph H. and Hattie
H. Beeman was not recorded in the mining records of Jackson
County before the work began, their property was also liable
to plaintiffs for the payment of such compensation: B. & C.
Comp. § 5668. The purpose of the statute, in requiring persons
personally liable for the payment of the labor performed in oper-
ating and developing a mine to be made parties to a suit to
foreclose a miner's lien, was evidently not designed to exempt
the property from liability for the work done, but to enable the
owner of the mine, if compelled to pay the sums decreed to be
a lien upon it, to have a judgment over against the lessee, which
he could enforce without instituting another suit therefor. The
statutory requirement of making persons parties who are per-
sonally liable, which was enacted for the benefit of the mine
owner, is not one in the enforcement of which the public has an
interest, and therefore such owner can waive the advantage which
the law confers. This he does when he fails to demand that the
persons personally liable shall be brought in for his protection
*(Osborn* v. *Logus,* 28 Or. 302), and, in the case at bar, as the
Beemans did not object to the defect of parties until after the
testimony was taken, they thereby voluntarily relinquished the
right upon the exercise of which they insisted when the cause
was submitted, in dismissing which the court erred.

2. The record of the mining claims referred to in the lease
and in the notices of liens was not offered in evidence, and it is
insisted by defendants' counsel that it is impossible, from the
transcript, to frame a decree so as to identify the property. It
will be remembered that the answer admitted that the defend-
ants Joseph H. and Hattie H. Beeman were the owners of the
property described in the complaint. No issue in relation to
the identity of the property was created, and, this being so, no
necessity existed for offering in evidence the volume and pages
specified in the lease and notices of liens, or certified copies of
the mining journals of Jackson County relating to the property
in question. Invoking the maxim, Id certum est quod certum
reddi potest, a decree referring to the volume and pages thus
indicated will be sufficient for a description of the property, and
an examination of such journal will probably enable the officer

making the sale to place the purchaser in possession thereof: *House* v. *Jackson*, 24 Or. 89 (32 Pac. 1027).

Considering the case on its merits, the testimony shows that the plaintiff Alfred Lewis is entitled to the sum of $85.75, as claimed in his lien, with interest thereon from the time it was filed, together with the sum of $1.25 for recording the notice, and the further sum of $20 as a reasonable attorney's fee; and a decree will be here entered awarding to him such sums, and foreclosing his lien therefor, he having testified at the trial that the sums so demanded were due him.

3. The plaintiffs M. L. Hall, Frank Cardwell, and John F. Troy did not appear as witnesses at the trial; the testimony showing that neither of them was then in Jackson County. The plaintiff Alfred Lewis, who was foreman of the mines, testified in their behalf as to the correctness of the liens filed by each, in respect to the several sums due; but he did not say, and probably could not testify, that no payments had been made to them, or either of them, by Flanders or Beers, after the liens were filed. As the lessors' property is to be subjected in this suit to the payment of debts contracted by the lessees, the burden was imposed on the lien claimants of showing that no payments had been made on account of their liens since they were filed; and, not having done so, the claims of Hall, Cardwell and Troy must be disallowed.

4. The testimony shows that the plaintiff Thomas E. Jones commenced to work for Flanders and Beers two days after the lease of the mining claims was recorded in the mining journals of Jackson County. No lien is given for labor performed for a lessee on the mining claims of a lessor when the lease is so recorded before the work begins (B. & C. Comp. § 5668) ; but it is insisted by plaintiff's counsel that, though the instrument in question partakes of the nature of a demise, it was intended by the parties to evidence a contract of sale, and that upon the payment of $16,500 the title to the property was to be transferred to the lessees. The defendant Joseph H. Beeman, in answer to the question on cross-examination, "Wasn't it understood between you and Mr. Flanders and Mr. Beers, if they paid the $16,500, they were to have the property," replied, "Yes,

sir." Notwithstanding the testimony of this witness, we think the instrument, a copy of which was offered in evidence, clearly established the fact that it is what it purports to be—a lease of the mining claims and quartz mill; and, having been duly recorded before Jones began to work at the mine, he was not entitled to a lien on the property *(Stinson* v. *Hardy,* 27 Or. 584, 41 Pac. 116), and his claim is disallowed.

5. The plaintiff S. C. Lawrence, having been discharged by the foreman December 10, 1902, without having received any payment for his labor, and being without money, sold some groceries belonging to Flanders that were at the mine, realizing therefor about $5, for which sum he gave no credit when he filed his lien. At the trial, Lawrence, as a witness in his own behalf, testified that after the work was suspended at the mines he looked after the property about two weeks, and that he considered his care thereof of greater value than the sum realized from the sale of the groceries. If the supervision of the property constituted a proper charge against the mining claims, so as to create a lien thereon, a statement thereof should have been included in the notice of lien, and credit given for the sum received from the sale of the groceries; assuming that Lawrence was authorized to dispose of the provisions. Not having done so, his lien notice did not contain a true statement of his demand, after deducting all just credits and offsets, and hence his claim is disallowed: *Nicolai* v. *Van Fridagh,* 23 Or. 149 (31 Pac. 288).

The decree of the court below will therefore be reversed, and one entered here in accordance with this opinion.      REVERSED.