Argued April 1; affirmed April 14; rehearing denied May 12, 1931

# WEST *v.* WILSON ET AL.

(297 P. 847)

*Guy O. Smith,* of Salem, for appellant.

*E. K. Piasecki,* of Salem, for respondents.

CAMPBELL, J. This is a suit to foreclose a statutory lien for drilling a well on the premises of the defendants. The complaint is in the usual form. The plaintiff was engaged in the business of drilling wells. He entered into a contract with the defendants whereby he was to drill a well and encase it, at a fixed price per foot. The well was to be drilled to a depth that would insure a flow of water sufficient to furnish two families

with a satisfactory supply. Both parties are agreed on all the terms of the contract except the amount of compensation and the time in which the work should be completed.

Plaintiff contends that the agreed unit price was three dollars per foot for dirt and soft rock, and five dollars per foot for hard rock. The defendants' contention is that the agreed price was three dollars per foot regardless of the character or formation encountered. The plaintiff began the performance of his contract about November 15, 1928, and pursued his work until about the middle of January, 1929, at which time he had reached a depth of 260 feet. At this point a part of his drilling apparatus consisting of the drill proper and about 25 or thirty feet of steel shank fastened together in sections, became impacted and fastened in the bottom of the hole so that he was unable to withdraw it. From this time until March 30, he continued his operations in attempting to recover his drilling apparatus and in drilling an offset hole to the same depth. He then ceased work claiming the contract completed at the depth of 260 feet. In penetrating to this depth, he claims that he encountered 190 feet of soft rock and 70 feet of hard rock, and based upon his claimed unit price his compensation would aggregate $920. Upon the basis of defendants' claim, it would amount to $780. The defense also claimed that the well as dug was left in such a condition, by reason of its being out of plumb and not in alignment as not to permit the installation of pump equipment. They also contended that there is not a sufficient flow of water to comply with the terms of the contract and that the lien is void for intentional overstatement of plaintiff's claim.

Upon quitting operations plaintiff demanded payment which was refused. On April 8, 1929, a lien was filed by the plaintiff, which, so far as it is material to this case, reads as follows, omitting the immaterial parts:

"That said R. A. West, original contractor, and the said Arthur R. Wilson and Daisy D. Wilson, his wife, had a contract for the performance of said labor and the furnishing of said material under and pursuant to the terms of which said Arthur R. Wilson and Daisy D. Wilson, his wife, agreed to pay the said R. A. West for said labor and materials to be performed and furnished by the said contractor in said matter three dollars per foot for each and every foot drilled, driven or bored, and cased, through what is, and is commonly known as dirt and soft rock; and five dollars per foot for each and every foot drilled, driven or bored, and cased through all that is, and is known as, hard rock. And it was agreed that the said Arthur R. Wilson and Daisy D. Wilson, his wife, should pay the said R. A. West for said labor and material at the time of the completion of the said well, that is, at the time that the same was drilled, driven, and bored, and the casing placed therein.

*  *  *  *  *

"That said contractor drilled, drove and bored, and encased 190 feet of what is commonly known as, and is, dirt and soft rock, and 70 feet of what is commonly known as, and is, hard rock, and by reason of said labor and material and the contract above mentioned, there became due the contractor, R. A. West, the sum of $920.

"That the contractor, R. A. West, was required to and did expend between the dates mentioned, 90 days labor, and the reasonable value of the labor performed as above mentioned was $1800."

Then follows a description of the land upon which the well was drilled.

"That the contract price for said labor and materials so performed and furnished by R. A. West to be used in, and which were used in the drilling, driving, boring and casing of said well was the sum of $920, calculated at three dollars and five dollars per foot respectively, as herein above mentioned, and the reasonable value of said labor and materials was the sum of $1,926, as hereinabove set forth, and there has been paid to R. A. West the sum of $100, which was paid on January 10, 1929, leaving a balance unpaid on the contract price of $820 after deducting all of just credits and offsets, and a balance upon the reasonable value of $1,826, after deducting all just credits and offsets. Claimant R. A. West herein contending that the said Arthur R. Wilson and Daisy D. Wilson, his wife, breached and violated their part of the above-mentioned contract, and particularly in not paying therefor at the time said payment became due, and that by reason thereof, claimant is entitled to the reasonable value of work and material performed and furnished as set forth in this lien. The whole amount as herein above set forth is now due, owing and unpaid."

The case was tried by the court and after hearing was dismissed, and judgment given for defendants for costs and disbursements from which judgment plaintiff brings this appeal, assigning as error: "the dismissal of plaintiff's complaint and decreeing that plaintiff's lien was insufficient and invalid."

■■ Plaintiff was entitled to a lien for this particular kind of work (Oregon Code 1930, § 51-101):

"It shall be the duty of every original contractor, within sixty days after the completion of his contract, * * * to file with the county clerk of the county in which such * * * improvement, or some part thereof, shall be situated, a claim containing a true statement of his demand, after deducting all just credits and offsets": Oregon Code 1930, § 51-105.

"Any contractor shall be entitled to recover, upon a lien filed by him, only such amount as may be due him according to the terms of his contract  *  *  *":  Oregon Code 1930, § 51-111.

Under his own statement of fact, the greatest amount plaintiff would be entitled to according to his contract after deducting the admitted credit, would be $820, yet he filed a notice of lien claiming $1826. This was not a mistake but an intentional overstatement: *Nicolai v. Van Fridagh*, 23 Or. 149 (31 P. 288) ; *Cooper Mfg. Co. v. Delahunt*, 36 Or. 402 (51 P. 649, 60 P. 1) ; *Lewis v. Beeman*, 46 Or. 311 (80 P. 417) ; *Stewart v. Spalding*, 71 Or. 310 (141 P. 1127) ; *Bartels v. McCullough*, 102 Or. 66 (201 P. 733).

■ The notice of lien being void, it of course cannot be foreclosed. All other contentions in the case are pure questions of fact and a discussion of them here would serve no useful purpose. The decree of the circuit court will be affirmed.

BEAN, C. J., BROWN and RAND, JJ., concur.