Decided 18 June, 1900.

## HUTCHINSON *v.* GORHAM.

[61 Pac. 431.]

37  347
39  412

37  347
45  278

JUDGMENT LIEN—TRANSCRIPT TO ANOTHER COUNTY.

Hill's Ann. Laws, § 572, requires the judgment docket to show when judgments were docketed. Section 269 enacts that the plaintiff may file a certified transcript of the original docket in the county clerk's office of any county of the state, and that the clerk of the latter county shall docket it in the judgment docket of his office, and it shall be a lien on the real property of the defendant in the county. The docket entry of the county where a judgment was rendered failed to show when the entry was made. An abstract of the docket entry of the judgment certified to the clerk of another county did not state, nor was it reasonably inferable therefrom, that the judgment was docketed in the county where the judgment was rendered, nor did the clerk's certificate state that the abstract was a transcript of the original docket, as required by section 269. The judgment came within the provisions of sections 263 and 264, requiring its entry in the journal within the day rendered, unless otherwise ordered by the court, and section 269, requiring the clerk immediately thereafter to docket it in the judgment docket. *Held,* that the docketing of such transcript in the latter county did not create a lien on the judgment defendant's real estate in that county, since subsequent purchasers of such real estate were not charged with constructive notice of more than could be discovered by an inspection of the transcript; the facts therein recited not being sufficient to create a lien in the latter county, both because the original docket does not show the date when the judgment was docketed, and because the copy does not purport to be a transcript of the original judgment docket.

From Union : ROBERT EAKIN, Judge.

Suit by Jas. H. and W. R. Hutchinson against Gorham & Rothchild and the Sheriff of Union County to enjoin the sale of certain real property on execution. The facts are that on June 13, 1888, one W. W. Ellis was the owner in fee of one hundred and sixty acres of land in Union County, Oregon, on which day judgment by default was rendered against him for the sum of $2,079.12 in the Circuit Court of the State of Oregon for Baker County, in an action wherein the defendants H. O. Gorham and Herman Rothchild, as partners under the firm name of Gorham & Rothchild, were plaintiffs ; that on September 7, 1888, said defendants, as plaintiffs therein, caused to be filed in the office of the County Clerk of Union County a memorandum, purporting to be a tran-

script of said judgment, whereupon said clerk made an entry in the judgment docket of said county at page 2 of volume B, under the index letter E, as follows :

JUDGMENT DOCKET, CIRCUIT COURT, UNION COUNTY, OREGON.

| Judgment debtor. | Judgment creditor. | Court. | Date of judgment. | Date of docket. | | Damages. |
|---|---|---|---|---|---|---|
| W. W. Ellis. | Gorham & Rothchild. | Transcript Cir. Ct. Baker Co. | 1888, June 13. | 1888, Sept. 7. | 10% | $ 2,079 12 |

—that in December, 1888, the plaintiffs herein loaned to Ellis the sum of $1,100, to secure the payment of which he executed a mortgage on said real property, and on February 6, 1896, deeded the same to them in payment of the mortgage debt, which then amounted to $1,825 ; that on April 20, 1899, an execution was issued on said judgment, directed to the Sheriff of Union County, who in pursuance thereof levied on said real property and advertised it for sale, to prevent which this suit was instituted, plaintiffs alleging that they were the owners in fee of said land, which they purchased without knowledge or notice of said judgment, and that a sale of the premises on said execution would create a cloud on their title.    The answer having put in issue the allegations of the complaint, a trial was had, resulting in a decree as prayed for, and the defendants appeal.    AFFIRMED.

For appellants there was a brief and an oral argument by *Messrs. John B. Messick* and *Wm. H. Packwood, Jr.*

For respondent there was a brief and an oral argument by *Mr. Thos. H. Crawford.*

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

The question presented by this appeal is whether the entry in the judgment docket of Union County afforded plaintiffs constructive notice of the judgment rendered against their grantor in Baker County, Oregon. The following statutory provisions are deemed essential to a clear understanding of the question involved. Hill's Ann. Laws, § 569: "The records of the circuit courts are a register, journal, judgment docket, execution docket, fee book, jury book, and final record." Section 571 : "The journal is a book wherein the clerk shall enter the proceedings of the court during term time, and such proceedings in vacation as this code specially directs." Section 572 : "The judgment docket is the book wherein judgments and decrees are docketed, as elsewhere provided in this code. Each page thereof shall be divided into eight columns, and headed as follows : Judgment Debtors ; Judgment Creditors ; Amount of Judgment ; Date of Entry in Journal ; When Docketed ; Appeal, When Taken ; Decision on Appeal ; Satisfaction, When Entered." Section 260 : "All judgments shall be entered by the clerk in the journal, and shall specify clearly the amount to be recovered, the relief granted, or other determination of the action.  *  *  *  In the entry of all judgments, except judgments by default for want of an answer, the clerk shall be subject to the direction of the court." Section 263 : "When judgment is given for want of an answer, the entry shall state substantially that the defendant has been duly served with the summons, and has failed to answer the complaint." Section 264 : "When a decision has been made sustaining or overruling a demurrer, unless the party against whom the decision is made be allowed to amend or plead over, judgment shall be given

for the plaintiff or defendant, as the case may be, for such amount or relief, or to such effect, as it appears from the pleadings he is entitled to ; but if the cause is otherwise at issue upon a question of fact, the court may order the entry of judgment to be delayed until such issue be tried or otherwise disposed of." Section 265 : "When judgment is given in any of the cases mentioned in sections 263 and 264, unless otherwise ordered by the court, it shall be entered by the clerk within the day it is given." Section 269 : "Immediately after the entry of judgment in any action, the clerk shall docket the same in the judgment docket. At any time thereafter, while an execution might issue upon such judgment, and the same remains unsatisfied in whole or in part, the plaintiff, or in case of his death his representative, may file a certified transcript of the original docket in the office of the county clerk of any county in this state. Upon the filing of such transcript, the clerk shall docket the same in the judgment docket of his office. From the date of docketing a judgment as in this title provided, or the transcript thereof, such judgment shall be a lien upon all the real property of the defendant within the county or counties where the same is docketed, or which he may afterwards acquire therein, during the time an execution may issue thereon." Section 270 : "Whenever, after the entry of judgment, a period of ten years shall elapse without an execution being issed on such judgment, the lien thereof shall expire."

The entry in the judgment docket of Baker County is as follows, to wit :

| No. | Judgment debtors. | Judgment creditors. | Judgment. | | Time of entry. | | | Entered in judgment book. | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Amount of judgment. | Interest. | Month. | Day. | Yaar. | No. | Page. |
| L118 | W. W. Ellis. | Gorham & Rothchild. | $ 2,079 12 | 10% | June. | 13 | 1888 | 1 | 44 |

Under the title "Remarks," in the last column at the right, appears the following: "This judgment satisfied in the amount of $1,000. See execution docket 'C,' p. 124." This docket contains other columns, but, no entries having been made therein respecting the judgment under consideration, they are omitted.

An inspection of this abstract of the judgment will disclose that no entry of "When Docketed" was made, as required by the provisions of Section 572, Hill's Ann. Laws. The lien of a judgment attaches to the real property of the judgment debtor, situate in the county in which the judgment is given, from the date of docketing the judgment, and to his real property in other counties of the state upon filing a certified transcript of the original docket in the offices of the county clerks of the latter counties: Hill's Ann. Laws, § 269; *Creighton* v. *Leeds*, 9 Or. 215; *De Lashmutt* v. *Sellwood*, 10 Or. 319; *Lovelady* v. *Burgess*, 32 Or. 418 (52 Pac. 25). As a condition precedent to securing a lien on the real property of W. W. Ellis, in Union County, Oregon, the judgment rendered against him must have been docketed in the county in which it was given, but when this was done is not discoverable from an examination of the judgment docket of Baker County; nor can it be ascertained from an inspection of the certificate of the county clerk of said county, upon the faith of which the County Clerk of Union County entered a memorandum of said judgment in the judgment docket of the latter county. The abstract certified to and filed in the office of the County Clerk of Union County is as follows:

| Judgment debtor. | Judgment creditor. | Judgment. | Interest. | Date. | Book and page. |
|---|---|---|---|---|---|
| W. W. Ellis. | Gorham & Rothchild. | $ 2,079 12 | 10% | 1888, June 13 | Journal I. p. 44 |

STATE OF OREGON,   }   *ss.*
    County of Baker.   }

I, E. H. Mix, county clerk of the above-named county and state, do hereby certify that the foregoing judgment has been by me compared with the original, and that the same is a correct transcript therefrom, and of the whole of such original judgment as same appears at page 48, volume I, record of circuit court proceedings for Baker County, Oregon, in my office, and in my care and custody.

In testimony whereof, I have hereunto set my hand and affixed my official seal this fifth day of September, A. D. 1888.

                                  E. H. MIX,
By WM. J. EASTABROOK,       ·   County Clerk.
                Deputy.
[CIRCUIT COURT SEAL.]

This memorandum having been entered in the judgment docket of Union County prior to the execution of the mortgage given by Ellis to plaintiffs, they are chargeable with such notice as the judgment docket of Union County and the transcript from Baker County afforded.

In *Metz* v. *State Bank*, 7 Neb. 165, Mr. Justice MAXWELL, in speaking of the nature of a judgment docket, observes: "It is said that the docket is an index to the judgment, invented by the courts for their own ease, and the security of purchasers, to avoid the trouble and inconvenience of turning over the rolls at large." Further in the opinion, in commenting upon the duty of a purchaser of real property to examine such docket, he says: "A subsequent purchaser, however, is affected with such notice as the index entries afford; and, if they are of such a character as would induce a cautious and prudent man to make an examination, he must make such investigation, or the failure to do so will be at his peril." The rule is general that constructive notice without search is equivalent

to actual notice upon search: *Hesse* v. *Mann*, 40 Wis.
560.   The statute creating the lien of a judgment, being
remedial in its character, causes the lien to attach to the
judgment debtor's real property, as against subsequent
purchasers and incumbrancers thereof without notice,
when the provisions of the act conferring the right have
been substantially complied with: 2 Freeman, Judgm.
§ 343; 12 Am. & Eng. Enc. Law (1 ed.), 105.   "The
object of the law," says Mr. Justice FIELD, in *Re Boyd*,
4 Sawy. 262, Fed. Cas. No. 1,746, in construing section
269, Hill's Ann. Laws, "is to make the judgment a lien
upon the property of the debtor in any county where it
is situated; and, as such county may be at great dis-
tance from the one in which the judgment is rendered,
the law contemplates that the docket entry shall impart
knowledge of all the facts which a purchaser of the prop-
erty need ascertain."   Under the rule thus announced,
the entry of an abstract of the judgment in the judgment
docket of Union County did not impose upon plaintiffs
the duty to examine the judgment docket of Baker County
to ascertain the existence or validity of such judgment,
but they were chargeable with constructive notice of all
the facts expressly recited in the judgment docket of
Union County; and it was incumbent upon them, as
prudent and cautious men, to make an examination of
the transcript from Baker County, to see if it recited that
the judgment was docketed in that county, or stated facts
from which it could be reasonably inferred that it would
operate as a lien upon real property that Ellis might ac-
quire therein: *Johnson* v. *Hess*, 126 Ind. 298 (25 N. E.
445, 9 L. R. A. 471).   The judgment docket of Union
County does not state that the judgment rendered against
Ellis was docketed in Baker County, nor is such fact
reasonably inferable therefrom.   An examination of the

37 OR.—23.

transcript from Baker County does not disclose that the judgment was ever docketed in that county, and the certificate appended thereto does not state that the abstract of the judgment, of which it forms a part, is a transcript of the original docket, as required by Section 269, Hill's Ann. Laws.

It is contended by defendants' counsel, however, that, the judgment having been rendered for want of an answer, the clerk was not subject to the direction of the court, but was required to enter the judgment in the journal within the day it was given, and immediately thereafter to docket the same in the judgment docket; that the complaint alleges, and it was stipulated at the trial, that the judgment was docketed in Baker County; and that, invoking the presumption that official duty has been regularly performed (Hill's Ann. Laws, § 776, subd. 15), it evidences the fact that the judgment was so docketed on the day in which it was given, and, this being so, the court erred in restraining the sale of the real property to prevent a cloud on plaintiffs' title. Whether the failure to state in the judgment docket of Baker County the date when the judgment was docketed renders it insufficient to create a lien on any real property Ellis might have in that county, is a question the determination of which is not necessary to a decision herein. Nor is it necessary to discuss the presumptions which might be invoked in that county in aid of the record. We do not think the presumption relied upon sufficient to charge the plaintiffs with constructive, notice of more than could be discovered by an inspection of the transcript filed in Union County, and, no facts having been recited therein from which it could be inferred that the judgment was sufficient to create such lien in Baker County, it follows that the decree is affirmed.

AFFIRMED.