Decided 17 June, 1901.

## WESTERN SAVINGS COMPANY *v.* CURREY.

[65 Pac. 360.]

WHEN JUDGMENT BECOMES A LIEN.

Judgment liens on realty are entirely a creation of statute, and, under Section 269 of Hill's Ann. Laws, a judgment does not become a lien on the debtor's real estate until it is entered in the judgment docket of the proper court.

JUDGMENT DOCKET—EFFECT OF WRONG HEADINGS.

The judgment lien docket provided for by Section 572 of Hill's Ann. Laws is a book intended to be complete within itself, and should contain every statement prescribed by the statute directing it to be kept, or it will not accomplish its purpose; thus, the entry of a judgment in a judgment docket which does not state when it was "docketed," as required by section 572, it is not sufficient to create a lien on the debtor's real estate.

STATUTES—COURTS—JUDGMENT DOCKETS.

Hill's Ann. Laws, § 569, specifying the records of the county and circuit courts as consisting of registers, judgment dockets, etc., requires each court to keep a separate judgment docket.

TITLES OF JUDGMENT DOCKETS.

The entry of a judgment in a book entitled, "Judgment Lien Docket, B County," is insufficient to create a lien, since it is not a compliance with Hill's Ann. Laws, § 569, requiring the circuit and county courts·to keep judgment dockets; the docket should have shown on its face that it was the judgment docket of a particular court. .

PRESUMPTION OF THE PERFORMANCE OF OFFICIAL DUTY.

Where a judgment docket does not show the date of docketing the judgment, as required by Hill's Ann. Laws, § 572, there is no presumption that the clerk properly docketed the judgment at the date of its rendition, as required by section 269.

From Baker : ROBERT EAKIN, Judge.

Suit by the Western Loan & Savings Company against H. E. Currey and others ·to determine the title to real estate. The plaintiff is the owner of lot 6, block 29, in Atwood's Second Addition to Baker City, acquired through

the foreclosure of a mortgage executed by C. H. Stuller, October 7, 1893, and duly recorded in the proper records on the tenth. Stuller acquired the property July 14, 1890, and was the owner thereof when the mortgage was given. On June 29, 1892, J. B. Griswold obtained a judgment in the circuit court against P. R. Bishop and C. H. Stuller, doing business under the firm name of Bishop & Stuller. There was an attempt to docket this judgment, which it is alleged was ineffectual to create a lien upon the real property of Stuller, because the entry does not show the date "when docketed," or the court in which it was rendered. Griswold assigned to Currey, one of the defendants herein, but neither of them was made a party to the foreclosure suit. Currey's codefendant is the sheriff of Baker County, who is attempting to sell the property under an execution issued upon the judgment. The plaintiff prays a reforeclosure of its mortgage, and an injunction restraining the defendants from the assertion of any rights under the judgment; but the suit may be appropriately treated as one to remove a cloud, or rather to prevent a cloud from attaching by reason of the threatened sale and sheriff's deed which would eventually follow. There was a demurrer to the complaint, which was overruled, and, defendants declining to plead further, a decree was entered as prayed for, and the defendants appeal. AFFIRMED.

For appellant there was a brief over the names of *Clarence Cole* and *O. B. Mount*, with an oral argument by *Mr. Cole*.

For respondent there was a brief and an oral argument by *Mr. John B. Messick*.

MR JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

The only questions involved are whether the judgment docket should show the date "when docketed" and the court in which the judgment was rendered as necessary prerequisites to its becoming a lien upon the real property of the judgment debtor.   A judgment or decree does not become a lien upon the debtor's realty in this state merely by reason of its rendition and entry in the journal.   It is the docketing that gives the lien and fixes the time when it attaches: Hill's Ann. Laws, § 269; *Stannis* v. *Nicholson*, 2 Or. 332; *Creighton* v. *Leeds*, 9 Or. 215, 220; See note to 42 L. R. A. 209; *In re Boyd*, 4 Sawy. 262 (Fed. Cas. No. 1746).   "The records of the circuit and county court are a register, journal, judgment docket, execution docket, fee book, jury book, and final record."   "The judgment docket is a book wherein the judgments and decrees are docketed, as elsewhere provided in this Code.   Each page thereof shall be divided into eight columns, and headed as follows: Judgment dobtors; judgment creditors; amount of judgment; date of entry in journal; when docketed; appeal, when taken; decision on appeal; satisfaction, when entered": Hill's Ann. Laws, §§ 569, 572.   And by section 269 it is provided that, "immediately after the entry of judgment in any action, the clerk shall docket the same in the judgment docket.   *   *   *   From the date of docketing a judgment as in this title provided,   *   *   *   such judgment shall be a lien upon all the real property of the defendant within the county,   *   *   *   or which he may afterwards acquire therein, during the time an execution may issue thereon."   A conveyance is rendered void as against the lien of a judgment unless recorded at the time of the docketing, or within the time after its

execution provided by law as between conveyances for the same real property : Hill's Ann. Laws, § 271. And it has been held that a judgment lien must be acquired in good faith, and without notice of a prior unrecorded deed, to be effectual as against it, thus assimilating the acquirement of the lien in so far as it is affected by notice and good faith to the acquirement of title by conveyance ; which construction of the statute, although not literal, is said to be "entirely consistent with the reason and spirit": *Baker* v. *Woodward*, 12 Or. 3, 13 (6 Pac. 173); *Laurent* v. *Lanning*, 32 Or. 11 (51 Pac. 80). The fifth column of the docket in controversy bears the heading, "Entered in Judgment Book," whereas it should have been, "When Docketed," under the statute. There is under this heading the words, "No. Page," and beneath these the letter and figures, "K, 306." The date of entry is entirely omitted from the record. There is attached to the complaint what purports to be a true copy of the judgment docket. This bears the heading, "Judgment Lien Docket, Baker County, Oregon," which is all the evidence that we have indicating the court in which the judgment was rendered.

The purpose of the judgment docket is twofold : (1) To create a lien upon the debtor's real property, and thereby increase the efficiency and usefulness of the judgment; and (2) to impart and afford convenient notice and knowledge of such lien to those dealing with the property thus incumbered. The judgment docket, therefore, becomes an important and essential record. The statute has prescribed with significant detail by what courts it shall be kept, and the manner in which it shall be made up, and the lien which its instrumentality affords is purely statutory, as it did not exist at common law. As a general rule enactments designed for the creation of a lien must be substantially complied with in order to effectuate their

purpose. Whatever is pointed out is in the nature of a condition to its creation or acquirement, and, unless there is an observance of the conditions in matters of substance, the structure must necessarily be incomplete, and consequently insufficient : *Nicolai* v. *Van Fridagh,* 23 Or. 149 (31 Pac. 288); *Gordon* v. *Deal,* 23 Or. 153 (31 Pac. 287); *Schneider* v. *Sears,* 13 Or. 69 (8 Pac. 841). But the detail and particularity attending the enactment creating the judgment lien afford ample evidence of a legislative intendment that the rule should have positive application in the solution of the question whether the lien has become effective under its provisions. Now, the judgment docket was intended, no doubt, to afford definite and reliable information as it respects the court in which the judgment was rendered, the parties thereto, the amount and time when rendered ; and to do this, it must needs contain a complete abstract of the judgment comprising these several heads. This was to relieve interested parties from the necessity of going back to the journal and other records and files of the court to ascertain the nature and effect of the judgment, and thereby to determine whether the lien thereof has become effective. It is a record quite apart and distinct from any that precedes it, wholly unnecessary to a valid judgment, but absolutely essential to the creation of a valid lien, in so far, at least, as it concerns strangers to the record. It should therefore be complete within itself, and reveal a perfect lien, without the necessity of calling to its aid other instrumentalities. There could be no intelligent abstract of the judgment without an observance in statement of these several particulars. The requirement of a statement, "When docketed," is manifestly unnecessary to a perfect abstract of the judgment rendered, but it is highly important by which to determine when the lien became effective. The statute prescribes that "from the date of docketing

\* \* \* such judgment shall become a lien," and the question recurs, can any of these items of information or directions, including an entry of the date "when docketed," be dispensed with or omitted from the judgment docket without vitally detracting from its validity and efficiency in creating a lien upon the debtor's realty? To say that the statute is directory merely is to inaugurate a practice that would render that uncertain and equivocal which has been directed to be performed in detail and with particularity, and eventually defeat its purpose to impart definite and positive notice and information to the public and persons interested touching a matter of vital concern.

All these provisions are important. They prescribe a method unknown to the common law by which to enhance the creditor's remedy by incumbering the debtor's realty, and titles are made dependent upon them. They should, therefore, receive such interpretation as will give strength, certainty, and uniformity to the method and effectuate its purposes. "This can only be done," says Mr. Chief Justice MERRIMON in *Dewey* v. *Sugg*, 109 N. C. 328 (14 L. R. A. 393, 13 S. E. 923), "by a strict observance of at least the substance of the requirements prescribed. Otherwise, uncertainty, confusion, and injustice must prevail to a greater or less extent in its administration." In further support of the view here adopted, see *Hutchinson* v. *Gorham*, 37 Or. 347 (61 Pac. 431); *Bonner* v. *Grigsby*, 84 Tex. 330 (31 Am. St. Rep. 48, 19 S. W. 511); *Davis* v. *Steeps*, 87 Wis. 472 (58 N. W. 769, 23 L. R. A. 818); *Ætna Life Ins. Co.* v. *Hesser*, 77 Iowa, 381 (42 N. W. 325, 4 L. R. A. 122, 14 Am. St. Rep. 297); *Sears* v. *Burnham*, 17 N. Y. 445. These considerations lead us to the following conclusions : There should be two judgment dockets kept, one for each [of] the circuit and county courts, and the judgment should

be entered in the docket of the court where rendered. This has not been done in the case at bar. The entry appears to have been made in a general docket, denominated "Judgment Lien Docket, Baker County, Oregon." No such docket or record is known to the law, and for this reason it is ineffectual to the creation of a lien. It is also ineffectual for the reason that it contains no notation of the date "when docketed." The notation is a prerequisite to a valid docketing, made so by statute, and no lien can attach without it. The heading, "Entered in Judgment Book," instead of, "When Docketed," is perhaps an irregularity, and not of vital importance : *Weil* v. *Howard*, 4 Nev. 384.

It is sought to invoke the presumption that official duty was regularly performed in aid of the record as to the date of docketing; that, as the clerk was directed by law to make the entry immediately after the entry of judgment, it will be presumed that he did it ; and hence that the lien attached from the time when the judgment was entered in the journal. The presumption has application where there is nothing to show what has been done, but here it is perfectly patent that the clerk has not done that which the law has required of him. The record shows that he has done something else in connection with the docketing, but has omitted to make the notation, and to invoke a presumption that he has done a thing which it is perfectly clear from his very act that he has not done, is to adopt an absurdity as a rule of action. The application which it is sought to make of the presumption would render that a nonessential which the law holds to be essential, and can not be tolerated. The decree of the court below will be affirmed.

AFFIRMED.