Decided 17 July, 1901.

**DYKE *v.* CURREY.**
</div>

From Baker : ROBERT EAKIN, Judge.

Suit by Olive E. Dyke against H. E. Currey and another, to restrain the enforcement of a certain judgment. There was a decree as prayed for, and defendants appealed.        AFFIRMED.

For appellants there was a brief over the names of *Clarence Cole* and *O. B. Mount,* with an oral argument by *Mr. Cole.*

For respondent there was a brief over the names of *F. M. Saxton* and *Will R. King,* with an oral argument by *Mr. Saxton.*

Mr. JUSTICE WOLVERTON delivered the opinion.

On June 18, 1892, J. B. Griswold obtained a judgment in the Circuit Court of the State of Oregon for Baker County against P. R. Bishop and C. H. Stuller, doing business under the firm name of Bishop & Stuller. This judgment was entered in a record styled "Judgment Lien Docket, Baker County, Oregon." In a column headed "Judgment Debtors," were written the names "P. R. Bishop, C. H. Stuller," and in a column headed "Entered in Judgment Book" were written the words "No. Page," and underneath these the letter and figures, "K

306." It contains no column headed "When Docketed," nor was there any entry showing the date when the judgment was entered in such record. Subsequently C. H. Stuller acquired title to lot 5, block 29 in Atwood's Second Addition, Baker City, Oregon, which he conveyed to plaintiff January 6, 1900, who is still the owner. H. E. Currey, one of the defendants, has become the owner of the Griswold judgment by assignment, and has caused execution to be issued thereon and placed in the hands of Huntington, his codefendant and sheriff of Baker County, who levied upon and is about to sell the property. This suit is instituted to enjoin the sale and prevent the clouding of plaintiff's title.

The facts in this case are in effect identical with those attending the *Western Sav. Co.* v. *Currey*, just decided (39 Or. 407), except the title was acquired in one case before, and in the other, after rendition of the judgment. The result must be the same, however, as it was designed that a judgment regularly docketed should become a lien upon after-acquired realty of the judgment debtor : Hill's Ann. Laws, § 269 ; *Creighton* v. *Leeds*, 9 Or. 215. So that the consideration in that case have exact application here, and for the reasons there discussed, the decree of the court below will be affirmed, and it is so ordered.

AFFIRMED.