**WOOD *v.* FISK.**

[77 Pac. 128, 738.]

</div>

JUDGMENT LIEN — DEFECTIVE DOCKETING.

1. Where a judgment did not become a lien on real property because the judgment docket did not show the date when it was entered therein, the filing of a transcript of such docket entry in another county did not create a lien on realty of the judgment debtor in such other county.

FRAUD OF PLAINTIFF AS A DEFENSE IN EJECTMENT.

2. In an ejectment action by a fraudulent grantee of the land against a purchaser under a subsequent judgment, the fraud is a defense, the purchaser having obtained the legal title subject to the record of the fraudulent deed.

EQUITABLE CROSS-BILL — FRAUDULENT DEED — REMEDY AT LAW.

3. While the fact that a certain conveyance of real estate was fraudulent as to the grantor's creditors is available as a defense at law, such defense would not relieve the land from the fraudulent deed as a cloud on the title, and the defendant in the action at law is entitled to file a complaint in equity in the nature of a

cross-bill, as authorized by B. & C. Comp. § 391, to have such conveyance vacated on that ground, the law remedy being incomplete and inefficient in comparison with the equitable one.

AFFIRMANCE FOR FAILURE TO FILE BRIEF—RULES OF COURT.

4. A delay of three days in filing a brief, though unexplained, will not require an affirmance for failure to comply with the rule of court, where the appeal is evidently prosecuted in good faith.

STANDING IN EQUITY OF EXECUTION PURCHASER—FRAUDULENT DEED.

5. An execution having been issued on a judgment from the county in which it was originally docketed, levied on land in another county, and a sale had thereunder, and such sale having been confirmed and a sheriff's deed issued, the holder under such a title has a right in equity to attack a previous transfer by the debtor as being fraudulent.

From Wallowa: ROBERT EAKIN, Judge.

Statement by MR. JUSTICE BEAN.

In September, 1902, the defendant Richard M. Fisk brought an action in the circuit court of Wallowa County against John A. and Clarissa T. Wood, the plaintiffs, to recover possession of certain real property, with damages for withholding the same. The plaintiffs answered, and at the same time filed a complaint in equity in the nature of a cross-bill, setting up facts which they insisted required the interposition of a court of equity and were material to their defense in the action at law. A demurrer to this cross-bill was sustained, and, the plaintiffs declining further to plead, the cross-bill was dismissed, and they appeal. The case was submitted on briefs under the proviso of Rule 16 of the Supreme Court: 35 Or. 587, 600.

REVERSED.

For appellants there was a brief over the names of *Long & Sweek* and *John S. Hodgin.*

For respondents there was a brief over the name of *Daniel Webster Sheahan.*

MR. JUSTICE BEAN delivered the opinion of the court.

The allegations of the cross-bill, in substance, are that in 1896, one S. A. Miles recovered a judgment against the defendant M. Fisk in the circuit court for Gilliam County

for the sum of $1,322.02, besides attorney's fees and costs; that the judgment was entered in the judgment lien docket of that county, but the time "when docketed" was not stated therein; that a transcript of the lien docket was filed with the county clerk of Wallowa County on July 2, 1900, and at that time the defendant M. Fisk was the owner of the real property in controversy; that on the 9th of July, 1900, after the entry of the same in the lien docket of Wallowa County, Fisk, without consideration, and for the purpose of hindering, delaying, and defrauding creditors, particularly Miles, the judgment creditor, transferred and conveyed the property in controversy to his son, the defendant Richard M. Fisk; that thereafter an execution was issued on the judgment recovered by Miles against Fisk in Gilliam County, directed to the sheriff of Wallowa County, who by virtue thereof levied upon and sold the real property in controversy to the plaintiff's ancestor, S. G. Wood, for the sum of $600, he being the highest and best bidder' therefor; that the sale was confirmed, and a sheriff's deed issued and delivered to the purchaser, who entered into possession of the premises, and so continued until the 20th of July, 1901, when he died, leaving as his heirs the plaintiffs herein, who have ever since been in possession thereof. The argument in support of the decree of the court below is that it appears from the cross-bill that the plaintiffs had a complete defense to the action of ejectment brought against them by the defendant Richard M. Fisk, and therefore were not entitled to the interposition of a court of equity.

1. The judgment recovered by Miles against Fisk in Gilliam County was never docketed so as to become a lien upon real property, because the time "when docketed" was not stated in the judgment lien docket, as required by statute: *Hutchinson* v. *Gorham*, 37 Or. 347 (61 Pac. 431); *Western Sav. Co.* v. *Currey*, 39 Or. 407 (65 Pac. 360, 87 Am.

St. Rep. 660).   The filing of a transcript of such lien docket in Wallowa County was therefore ineffectual to create a lien upon the property in controversy, and hence the title acquired by the plaintiffs' ancestor at the sale under the execution issued on the judgment did not relate back to the filing of the transcript, and was not prior in time to the alleged fraudulent deed from the defendant M. Fisk to his codefendant, so that plaintiffs did not have the prior record title.   The case, therefore, turns upon the question as to whether the allegation that the conveyance from the defendant M. Fisk to his son, after the rendition of the judgment and prior to the seizure of the property under the execution thereon, was for the purpose of hindering and delaying creditors, constitutes such a defense to the action of ejectment brought by the fraudulent grantee against the successors in interest of the purchaser at the execution sale as will prevent plaintiffs from resorting to equity.

2. Where a debtor has conveyed his property for the purpose of defrauding creditors, it may subsequently be taken on execution against him, because as to the creditors the deed is void and the legal title remains in the grantor.   The creditor in such case is not required to resort to equity to have the deed canceled, but may levy upon and sell the property under execution, and the purchaser will obtain a legal title (Wait, Fraud. Convey. 3 ed., § 59; 1 Freeman, Executions, § 136; *Judson* v. *Lyford,* 84 Cal. 505, 24 Pac. 286; *Potter* v. *Adams*, 125 Mo. 118, 28 S. W. 490, 46 Am. St. Rep. 468; *Thompson* v. *Baker*, 141 U. S. 648, 12 Sup. Ct. 89), and many of the authorities hold he may maintain an action of ejectment thereon against the fraudulent grantee :   14 Am. & Eng. Enc. Law, (2 ed.) 312.

3. It would seem, therefore, that the law action of *Fisk* v. *Wood* could probably have been defeated by proof that

the conveyance to the plaintiff therein was made and accepted for the purpose of hindering, delaying, and defrauding creditors; but the defense would not have been as complete as in equity. It would have resulted in a defeat of the particular action; but the fraudulent deed would still have remained a matter of record, apparently valid, and a cloud upon the title of the plaintiffs. A purchaser at an execution sale of property fraudulently conveyed may not be required to resort to equity to have the fraudulent conveyance canceled and annulled, yet such is a common and well-recognized head of equity jurisdiction. Equity acts *in personam*, and fraud is one of the grounds of its interposition. The existence of a remedy at law does not interfere with the right of a purchaser at an execution sale to apply to equity to annul or cancel a fraudulent conveyance made by the execution debtor, thereby removing a cloud from his title: Wait, Fraud. Convey. (3 ed.), § 60; *Eaton* v. *Trowbridge*, 38 Mich. 456. Indeed, equity alone can disentangle the title from the doubt and embarrassments which would otherwise interfere with the full enjoyment of the property and the free disposition thereof. The remedy given a defendant in a law action by Section 391, B. & C. Comp., of filing a complaint in equity in the nature of a cross-bill, when he is entitled to relief arising out of facts requiring the interposition of a court of equity, is as broad as that which he might invoke by an original bill, if it is germane to the matter involved in the action at law and material to his defense, and, unless the remedy at law is "as practical and efficient to the ends of justice and its prompt administration as the remedy in equity," he may file his cross-bill, notwithstanding he may have a defense at law: *South Port. Land Co.* v. *Munger*, 36 Or. 457, 473 (54 Pac. 815, 60 Pac. 5); *Fire Association* v. *Allesina*, 45 Or. 154 (77 Pac. 123).

4. The appeal in this case was perfected September 29, 1903. The brief was filed October 28th, but was not served until three days thereafter. The delay in filing and serving the brief was insignificant, and no doubt due to excusable neglect, and is therefore no ground for an affirmance of the decree.

As the court was in error in sustaining the demurrer to the cross-bill, the decree will be reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.          REVERSED.

———

Decided 1 August, 1904.

ON MOTION FOR REHEARING.

MR. JUSTICE BEAN delivered the opinion of the court.

5. It is immaterial whether the judgment recovered by Miles against Fisk in the circuit court for Gilliam County was docketed so as to become a lien upon the real property of the defendant in Wallowa County. An execution was issued on the judgment from the county in which it was rendered, the property now in controversy levied upon and sold to plaintiff's predecessor in interest, the sale confirmed, and a deed issued to him. This gives plaintiff a standing in equity to attack a previous conveyance by the judgment debtor, made for the purpose of hindering, delaying, and defrauding creditors, and that is the purpose of the cross-bill. The motion is denied.

REVERSED : REHEARING DENIED.