Argued and submitted October 3, 1996, reversed and remanded January 29, 1997

Maury James SANCHEZ
and Robert S. Simon,
*Appellants,*

*v.*

CLATSOP COUNTY,
*Respondent.*

(95-2116; CA A91110)

932 P2d 557

Robert Simon argued the cause for appellants. With him on the briefs was The Robert S. Simon Law Firm.

John H. Chambers argued the cause for respondent. With him on the brief were E. Andrew Jordan and Tarlow, Jordan & Schrader.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Plaintiffs appeal from a summary judgment dismissing their claim to quiet title to a piece of real property located in Clatsop County, the defendant in this case. They argue that the trial court should have granted summary judgment in their favor and should have declared the property free of any lien held by defendant. We reverse and remand.

Plaintiff Maury Sanchez owned one piece of real property, tax lot 400, and leased another, tax lot 3300, in defendant county. On October 21, 1993, the Enforcement Committee of defendant's Planning Commission held a hearing regarding Sanchez's uses of the two properties and concluded that Sanchez was using the properties in violation of various county ordinances. The Planning Commission adopted these findings and issued two orders, each fining Sanchez $7,500 for the violations. The orders also provided, in part:

> "[I]f the fines assessed are not paid within 60 days of the date of the Order as shown hereon the Violator shall become personally liable for the fine and the County will record the Order for payment in the County Clerk Lien Record. Such a recorded Order shall be docketed in the judgment docket of the Circuit Court and become a lien upon any interest in real property of the Violator in Clatsop County or such other county where such judgment may be lawfully transferred."

On the same day it issued the orders, the Commission recorded them in the Clatsop County Clerk Lien Record and in the circuit court's judgment docket.

Sanchez appealed the Commission's orders, which were defendant's final land use decisions, to the Oregon Land Use Board of Appeals (LUBA). However, before the appeal was heard, the Commission moved to voluntarily remand the appeal back to it for further review. LUBA granted that motion, and, on June 28, 1994, the Commission signed two new orders that adopted the earlier orders' findings, conclusions, and impositions of fines. The Commission recorded the June 28 orders in the circuit court on July 15, 1994.[1]

---

[1] Sanchez subsequently appealed those orders to LUBA, which affirmed both orders. *Sanchez v. Clatsop County*, 29 LUBA 26 (1995). We affirmed LUBA's order

On March 9, 1995, Sanchez deeded tax lot 400 to his attorney, plaintiff Robert Simon.[2] On August 7, 1995, plaintiffs filed this complaint to quiet title, seeking, *inter alia*, a declaration that the property was free of all liens held by defendant. In their complaint, plaintiffs alleged that the liens defendant placed on tax lot 400 were invalid as being prematurely filed. In particular, plaintiffs alleged that, by recording and docketing the orders of violation 17 days after the Commission issued those orders, defendant

"violated Clatsop County Ordinance Section 10.240(5)(e) and ORS 30.460 which requires the County to allow sixty (60) days for the Plaintiff to cure the alleged violations before placing a lien on the subject property."

Both sides moved for summary judgment, and the trial court granted defendant's motion.

The issue on appeal is the meaning of Clatsop County Land and Water Development and Use Code (LWDUC) section 10.240(5), which pertains to the Commission's enforcement of county land use ordinance provisions through the impositions of fines. That provision states, in part:

"5.   Upon receipt of all evidence and testimony presented at the violation hearings the Commission shall determine:

"a.   If there has been violation of the ordinance and is it still continuing?

"b.   What daily fine should be assessed for the violation?
&ast; &ast; &ast;

"c.   Determine when and under what circumstances the daily fines so established shall cease.

---

without opinion, *Sanchez v. Clatsop County*, 134 Or App 671, 896 P2d 19, *rev den* 322 Or 361 (1995).

[2] The original quitclaim deed granted title to "Robert S Simon P.C." Defendant argues that, based on the deed's language, Simon's incorporated law firm holds title to the deed and not Simon personally, and therefore, Simon is not a real party in interest in this action. However, on July 23, 1996, Sanchez filed a "CORRECTION QUITCLAIM DEED," which granted title in tax lot 400 to "Robert Samuel Simon." The July 23 quitclaim deed purported to "correct[ ] a clerical error" in the original quitclaim deed. Defendant does not contest the validity of the July 23 deed. Consequently, we conclude that defendant's "real party in interest" argument merits no further discussion.

"* * * * *

"e.  *Order pursuant to ORS 30.460 that if the fines assessed are not paid within 60 days of the date of the Order as shown thereon the Violator shall become personally liable for the fine and the County will record the Order for payment in the County Clerk Lien Record.* Pursuant to ORS 215.125 [*sic*] such a recorded Order shall be docketed in the judgment docket of the Circuit Court and become a lien upon any interest in real property of the Violator in Clatsop County or such other county where such judgment may be lawfully transferred." (Emphasis supplied.)

ORS 30.460, on which section 10.240(5)(e) relies, provides:

"When proceedings are conducted by county hearings officers to enforce requirements or prohibitions of county ordinances or resolutions, if fines, cost or bail are not paid by defendant within 60 days after payment is ordered, the defendant is personally liable to the county for the amount of the unpaid fines, cost or bail. The county may file and record the order for payment in the County Clerk Lien Record."

Plaintiffs argue that the county ordinance requires defendant to wait 60 days before recording its order against a violator and that, because defendant did not comply with that requirement, its liens are void *ab initio*. Defendant counters that section 10.240(5)(e) must be read in conjunction with ORS 30.460, which, it argues, requires no waiting period. Moreover, defendant argues, regardless of the meaning of the county ordinance, plaintiffs are nevertheless not entitled to the equitable relief they request. We first consider the meaning of section 10.240(5)(e).

■    In construing a statute or ordinance, our role is to determine the enacting body's intent. The best evidence of that intent is the law's text and context. *See Harris v. Sanders*, 142 Or App 126, 130, 919 P2d 512, *rev den* 324 Or 332 (1996) ("We apply to municipal ordinances the same rules that govern the construction of statutes."); *see also PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1992).[3] Plaintiffs argue that the text of section

---

[3] Local interpretations of local land use legislation, which are challenged in appeals to LUBA and in our review of LUBA's decisions, are subject to deference

10.240(5)(e) is clear: 60 days must pass before the violator becomes personally liable *and* before the county may record the order as a lien. Defendant counters that plaintiffs' interpretation of the statute fails to account for the first phrase of the ordinance, that the Commission's orders are to issue "pursuant to ORS 30.460[.]" Given that language, defendant asserts, the statute controls the application of the ordinance. Defendant further asserts that: (1) ORS 30.460 does not require a 60-day waiting period between the issuance of enforcement orders assessing fines and the recording of liens based on those orders; and (2) thus, the ordinance does not and cannot require such a waiting period.[4]

■ ■  Whatever the merits of defendant's view as to the proper operation of ORS 30.460—a question we expressly do not reach—the language of the ordinance is clear and unmistakable: "if the fines assessed are not paid within 60 days of the date of the order as shown thereon, * * * the County will record the Order for payment in the County Clerk Lien Record." Here, the predicate orders of violation issued on June 28, and defendant recorded the orders for payment and docketed the recorded orders less than 60 days later, on July 15. Defendant thus violated its own ordinance. That violation rendered the liens void *ab initio. See Western Savings Co. v. Currey*, 39 Or 407, 411, 65 P 360 (1901).[5]

Defendant further argues that regardless of the liens' validity, plaintiffs are not entitled to the relief they seek for a variety of alternative reasons, including "unclean hands." The record and the briefing on the "unclean hands"

---

under ORS 197.829 and *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992). However, the deferential review standard does not apply in circuit court proceedings involving local land use legislation. *Clackamas County v. Marson*, 128 Or App 18, 23 n 2, 874 P2d 110, *rev den* 319 Or 572 (1994).

[4] Defendant also suggests that the ordinance is a product of "unartful drafting." That may be. Nevertheless, we are bound by the ordinance's unambiguous language.

[5] In *Western Savings*, the court observed:

"As a general rule enactments designed for the creation of a lien must be substantially complied with in order to effectuate their purpose. Whatever is pointed out is in the nature of a condition to its creation or acquirement, and unless there is an observance of the conditions in matters of substance, the structure must necessarily be incomplete, and consequently insufficient[.]" 39 Or at 410-11 (citations omitted).

issue is so sparse and amorphous as to be inadequate to permit reasonable appellate review of that issue. Accordingly, we conclude that the trial court erred in granting defendant's motion for summary judgment as to the "60-day" filing issue and remand for further consideration.

Reversed and remanded.