HOYE COAL COMPANY v. COLVIN.

Opinion delivered July 22, 1907.

1. JUSTICE OF THE PEACE—JURISDICTION—LIEN ON REALTY.—A justice of the peace has no jurisdiction to declare a laborer's lien on a mine and on houses and machinery permanently attached to the freehold; and where the justice of the peace had no jurisdiction, the circuit court acquired none on appeal. (Page 532.)

2. SAME—ENFORCEMENT OF LIEN ON PERSONALTY.—A justice of the peace has jurisdiction to enforce a laborer's lien upon personal property. (Page 532.)

3. MINE—ENFORCEMENT OF LIEN—PARTIES.—Before it can be determined whether the property of a coal company which leased its mine to another is liable, under Kirby's Digest, § 5350, to a laborer's lien for work and labor done in such mine, the lessee must be brought in, either by personal or constructive service, in order that the amount of the laborer's claim may be ascertained. (Page 532.)

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; reversed.

STATEMENT BY THE COURT.

Appellee filed before a justice of the peace of Sebastian County an affidavit in which he states that the defendant, Hoye Coal Company, is a corporation organized under the laws of the State of Arkansas, and is justly indebted to him in the sum of $49.50 for labor performed by him for defendant in digging coal and performing other work in and about its mine, near Hartford, Sebastian County, Arkansas. That the plaintiff has a laborer's lien on said mine, and all engines, cars, scales, tracks,

houses, machinery and improvements of whatsoever kind upon the land and in and about and connected with said mine or its improvements and developments, to secure the payment of said sum, which is now due; that said labor was performed within eight months next before this date. Wherefore he prays judgment for said sum, and for an order of attachment against said property.

Summons and order of attachment were issued, returnable on the 25th day of November, 1905, on which date the defendant failed to appear, and the justice of the peace rendered judgment by default against the defendant for the sum sued for, with costs, and declared a laborer's lien to exist on all the property described in the affidavit of plaintiff to secure the payment of the sum found due, and ordered the sheriff of Sebastian County to sell same.

The defendant appealed to the circuit court, where it filed an answer denying "that plaintiff ever performed any labor for it, or that it owes him upon account for labor, or upon any other account, and denying that plaintiff has a lien upon any of its property."

The cause was submitted to the court, sitting as a jury, upon the following agreed statement of facts:

"It is hereby agreed between Holland & Holland representing the plaintiffs and J. A. Harp representing the defendant in the above cause and also the fifteen causes now pending in this court and designated as cases No. 720 to 734 inclusive, in which the Hoye Coal Company is defendant and the parties are plaintiffs whose names thus appear on the above numbered cases, that the facts are as follows:

"1. That the amount sued for by each of said plaintiffs is due them respectively for labor performed in digging and mining coal in defendant's mine near Hartford, so far as the defendant knows, and that the claims are not barred.

"2. That during all the time that plaintiffs were earning the amount due them, as above set out, said mine was being operated by Williams & McElhein, lessees of defendant, having full control of same, who were to pay for said labor without any agreement upon the part of the defendant to do so and with full

knowledge on part of plaintiffs that their employers were the lessees referred to and not owners of the mine.

"3. That lessees are nonresidents of the State of Arkansas, and are not made parties to any of these suits, and that no summons or warning order has been issued for said lessees or notice otherwise given them.

"4. That defendant is the owner of the mines where plaintiffs dug and mined coal as aforesaid, and that legal service has been had on defendant, to answer the complaint filed in justice court, and no defense made in justice court.

"That the issues in these cases are these:

"1. Do plaintiffs have a laborers' lien on the mine from which and in which they dug and mined coal, and on other property attached in these cases as shown by the return of the sheriff?

"2. Can such lien be enforced and the attachment sustained against said property under the present state of pleadings, without lessees being made parties, the facts being as herein set out, the defendants resisting and objecting to the enforcement thereof?"

The court rendered judgment in favor of the plaintiff for thirty-eight and 25-100 dollars, sustained the attachment, and declared the amount adjudged a laborer's lien on the following property, owned by said defendant, which was in the possession and under the control of the lessees while they operated said mine, and when this plaintiff performed the labor, towit: 16 pit cars, 2 boilers complete, 1 engine complete, 1 fan complete, 8 tons 16lb. rails, 2 sets pit harness, 1 wagon, 1 mule, 1 set Fairbanks scales, 1 blacksmith shop, 1 forge, 1 anvil, 1 vice, 1 set standard dies, 1 drill, 3 kegs of track spikes, 200 lbs. nails, 20 picks, 4 sledges, 4 tamping bars, 9 blasting barrels, 4 scrapers, half barrel rope grease, 1 tipple and one head house complete. The court ordered the property sold to satisfy the judgment unless same was paid in ten days.

The defendant moved for new trial:

(1) Because the court erred in sustaining plaintiff's claim to a lien upon the property attached.

(2)    Because the court erred in sustaining plaintiff's claim of a lien against the property, and not merely the interest of the lessees therein.

(3)    Because the court erred in rendering judgment under the agreed statement of facts.

This being overruled, defendant appeals.

*Jesse A. Harp,* for appellant.

1.    The justice of the peace had no jurisdiction of the subject-matter of the action, and the circuit court acquired none on appeal, and this objection is not waived.   Kirby's Digest, § 6096. A justice of the peace has no jurisdiction where a lien on land or title or possession thereto is involved.   Art. 7, § 40, Const.; Kirby's Digest, § 4554; 31 Ark. 486; 44 Ark. 484.   Plaintiff must bring his case wholly within the statute creating the lien. 27 Ark. 566.

2.    The court had no jurisdiction to proceed without the lessees being brought in by summons or otherwise.   37 Ark. 42; 122 Mo. 161; 25 Mo. 599; 43 Am. St. Rep. 563; Freeman on Judgments, § 606.

3.    Under the second paragraph of the agreed statement of facts, appellee was not entitled to claim a lien upon appellant's property.   The statute, Kirby's Digest, § 5359, is to be enforced in the manner provided for the enforcement of laborer's liens. It must be strictly followed.   51 Ark. 317; 59 Ark. 81.   The terms of the statute will not be extended by implication or construction.   19 Am. & Eng. Enc. Law (2 Ed.), 24.   Where a lien is sought to be enforced against a lessee of land, the lien is confined to his interest therein, and can not extend to the interests of those who are strangers to the contract under which the lien is claimed.   And this rule is applicable to liens upon mining property.   20 Am. & Eng. Enc. Law (2 Ed.), 791; 8 N. E. 91; 5 West (Ind.), 312; 107 Ind. 190; White on Mines & Min. Rem. § 587; 86 Pa. St. 191; 101 Mass. 435; 14 Cal. 79; 68 Pac. 226.   Under the agreed statement of facts there was no privity of contract between appellant and appellee.   Such privity must have existed before appellee would be entitled to a lien as against appellant's property.   Cases *supra;* 59 Ark. 85; 5 Ark. 217; 27. Ark. 566; 71 Ark. 126.

WOOD, J., (after stating the facts.)   1.   The justice of the peace had no jurisdiction to declare a lien on the mine and the houses and machinery that were permanently attached to the freehold.   The mine was real estate, and the houses and machinery that were attached to the soil with the intent that they should remain and become part of the freehold were fixtures, and no lien could be declared on these by a justice of the peace.   His judgment in this respect was void for want of jurisdiction. Const. 74, art. 7, section 40; section 4554, Kirby's Digest; *White* v. *Millbourne,* 31 Ark. 486; *Cotton* v. *Penzel,* 44 Ark. 484; *Ozark* v. *Adams,* 73 Ark. 227, and cases cited.

The justice having no jurisdiction in this respect, the circuit court acquired none on appeal.

2.   The justice had jurisdiction over the subject-matter of the debt and to declare a lien for its enforcement, against the proper parties, on personal property, but not on real estate.

3.   Appellee's claim to a lien is based on section 5359, Kirby's Digest, which is as follows: "Any person or persons working in any mines in the State of Arkansas, or in any quarries, either stone or marble, shall have a lien on the output of any such mines or quarries for the amount due for such work, and in addition thereto his lien shall attach to all the machinery, tools and implements used in such quarrying and mining, such liens to be enforced in the manner now provided or as may hereafter be provided for the enforcement of laborer's liens."

Before it could be determined that appellee was entitled to a lien under this section, it would have to be ascertained that he had a valid debt against the parties with whom he contracted, and this could not be done without making them parties to the suit.   It is shown by the agreed statement that Williams and McElhein were the lessees of the mine in which appellant worked, and that appellant's contract for service was with them. They were nonresidents and not made parties.   It is clear that the lessees are the primary debtors, and the suit should be against them primarily to establish the liability, and not against the coal company.   They may be joined in the suit, *i. e.,* the lessees and the coal company—the lessees so that the debt may be established against them, and the coal company so that the lien for the debt may be adjudged against its property, if under the law a lien in

such cases can be so adjudged. With a change of names, this is the language of this court in *St. Louis, I. M. & S. R. Co.* v. *Love,* 74 Ark. 528. It does not follow that a personal judgment must be rendered against the lessees before a lien can be declared against the coal company, if the statute authorizes a lien. Being nonresidents, the lessees may be brought in by constructive service, when the amount of the debt can be ascertained and adjudicated for the purpose of enforcing the lien, if one exists against the coal company. *St. Louis, I. M. & S. Ry. Co.* v. *Love, supra.* See *Russell* v. *Grant,* 122 Mo. 161; *Wibbing* v. *Powers,* 25 Mo. 599.

As the proper parties are not before the court, we decline to settle in advance the question as to whether appellee under the statute and the agreed statement had a lien upon the property of appellant. The question has been ably presented in brief of learned counsel for appellant. We have not been favored with any brief by opposing counsel. But it will be time enough to consider and decide a question of such magnitude and importance when all proper parties are before the court.

Reversed and remanded for new trial.