[Civil No. 1890. Filed January 13, 1922.]

[203 Pac. 556.]

# LUCKY BOY MINING AND MILLING COMPANY, a Corporation, Appellant, v. E. C. MOORE and TARR, McCOMB & WARE COMMERCIAL COMPANY, a Corporation, CENTRAL COMMERCIAL COMPANY, a Corporation, F. B. FARROW and C. H. SAMPSON, Appellees.

1. CORPORATIONS — SERVICE OF SUMMONS ON STATUTORY AGENT HELD SUFFICIENT, THOUGH RETURN SHOWED SERVICE ON HIM AS DEFENDANT.—In a suit against a corporation, a summons, bearing a return that it was served on "D., being the defendant named," who was the statutory agent, required by Civil Code of 1913, paragraph 2117, on whom summons might be served, was served on the corporation, so as to give jurisdiction, and the defect may be remedied on proof supplied after judgment.

2. MINES AND MINERALS — JUDGMENT FORECLOSING LIENS WITHOUT JURISDICTION AND VOID AFTER BEING VACATED AS TO ONE PARTY. After the judgment in favor of claimants in a suit to enforce liens under Civil Code of 1913, paragraph 3654, subdivision 2, as amended by Session Laws of 1915, chapter 67, giving a lien on mining claims for work done for, and materials furnished, lessee "for such sums as are unpaid," was vacated as to lessee who was made a party, but not served, it did not show that anything was owing by lessee, and it was without jurisdiction and void.

3. MINES AND MINERALS—LESSEE HELD NECESSARY PARTY TO SUIT TO ENFORCE LIEN FOR WORK AND MATERIALS FURNISHED HIM.—Lessee of mining claims is, in absence of a waiver by the owner, a necessary party to a suit under Civil Code of 1913, paragraph 3654, subdivision 2, as amended by Session Laws of 1915, chapter 67, to enforce a lien for work done and materials furnished to lessee, in view of paragraph 3650, making it the duty of a contractor, when an action to foreclose a lien is brought by a person other than himself, to defend it at his own expense.

4. MINES AND MINERALS — COURT'S JURISDICTION HELD LIMITED TO SINGLE LIEN CLAIMANT WHERE OTHERS JOINED WITHOUT SERVICE OF ALIAS SUMMONS AND COMPLAINT.—Civil Code of 1913, section 3660, in permitting joinder of all lien claimants in the same action, was intended to dispose of all claims in one action or proceeding, and, in providing that the owner of the property shall be made a

party, requires that he shall be advised of every lien claim by summons and complaint in the manner provided by law, whether in a joint complaint or a separate action, and so when after suit begun by a single claimant to foreclose a lien on mining claims, other claimants are joined by amendments of complaint, but without serving the owner with *alias* summons and complaint or cross-complaint, as in independent suits as to their claims, the court's jurisdiction was limited to rendering judgment as to the claim made in the original complaint.

5. Process—Service by Mail of Amended Complaint not the Service Provided by Law.—Service by mail of an amended complaint, joining another party as plaintiff and pleading a separate cause of action in favor of such party, was not the service provided by law; defendant in such case being entitled to be served with process as in an independent suit, which it was in effect.

6. Appearance—Appearance to Move Vacation of Judgment and to Prosecute an Appeal is a General Appearance for All Purposes on Retrial.—The appearance of a party to move that a judgment be vacated and to prosecute an appeal is a general appearance for all purposes on retrial.

APPEAL from a judgment of the Superior Court of the County of Mohave. E. Elmo Bollinger, Judge. Judgment reversed, and cause remanded.

Mr. C. W. Herndon, for Appellant.

Mr. E. E. Armour and Messrs. Wallace & Lucas, for Appellees.

ROSS, C. J.—E. C. Moore commenced this action August 27, 1919, against Lucky Boy Mining & Milling Company, Oatman Boy Mining & Milling Company, corporations, and R. A. Watson, alleging that plaintiff had worked and labored for the Oatman Boy, Mining & Milling Company (whose manager and superintendent Watson was) on certain named and described mining claims under lease from defendant

6. Appeal by party irregularly served as constituting appearance binding him as to subsequent proceedings, note, **Ann. Cas.** 1912D, 411.

Lucky Boy Mining & Milling Company, owner, and that said lease permitted the lessee to develop and work said mining claims. On the same date summons was issued directed to above-named defendants. The return on summons dated December 27, 1919, was by the sheriff of Pinal county, and recites that summons "was personally served on J. C. Denton, being the defendant named in said summons, by delivering to J. C. Denton, in the county of Pinal, a copy," etc. January 2, 1920, Moore's attorney filed a paper entitled in the above cause, calling it an "Amendment to Complaint," in which a cause of action in favor of Tarr, McComb & Ware Commercial Company for material and merchandise furnished defendant Oatman Boy Company to be used on the mining claims of defendant Lucky Boy Company was set out. January 31, 1920, the same attorney filed another paper entitled "Amendment to Complaint Adding Other Defendants," in which it is alleged that the Central Commercial Company, F. B. Farrow, and C. H. Sampson had liens against the property of defendant Lucky Boy Company for work and material done and furnished the Oatman Boy Company, and asked that they be made defendants. Thereupon, on March 3, 1920, the said Central Commercial Company, Farrow, and Sampson filed separate answers in the nature of cross-complaints, setting forth causes of action for liens against the same property and defendants.

May 10, 1920, the court, reciting defendants Lucky Boy Company and Oatman Boy Company "not appearing, being in default, and default duly taken and entered against them," ordered the case submitted "upon the pleadings, files, and evidence," and thereupon entered judgment in favor of plaintiffs Moore and the Tarr, McComb & Ware Commercial Company, and defendants Central Commercial Company, Farrow, and Sampson, for the amounts claimed in

their notices of liens against the Oatman Boy Company, and foreclosed the liens therefor on the mining claims of the Lucky Boy Company, and ordered its mining claims to be sold to satisfy judgment.

June 7, 1920, the Lucky Boy Company moved the court to vacate and set aside default and judgment on the ground that no service of summons upon the defendants or either of them had been had or shown. August 28, 1920, the motion was granted as to the Oatman Boy Company and Watson, and judgments were set aside and vacated as to them; but, the attorney for plaintiffs Moore and Tarr, McComb & Ware Commercial Company, having filed his affidavit that J. C. Denton was the statutory agent of the Lucky Boy Company, and exhibited a letter from the Corporation Commission to that effect, the court held the service of summons good as to the Lucky Boy Company, and denied the motion as to it.

The appellant contends that the court erred in assuming jurisdiction over it "for the reason that at the date of the rendition of judgment the record failed to show service of summons on appellant." It will be noted that this assignment does not deny that appellant was served with summons. It simply asserts that at the date of judgment the record fails to show service. The return of service was that summons had been served upon Denton personally and as defendant. The fact was Denton was not a defendant, but was the statutory agent of appellant "upon whom [as the statute provides] all notices and processes, including service of summons, may be served, and when so served, shall be deemed, taken and held to be lawful personal service on such corporation." Paragraph 2117, Civ. Code. When the sheriff delivered summons to Denton it was a service thereof upon appellant. Regardless of the return thereon, the fact

remained, appellant at the date of rendition of judgment had been legally served with process in the action as originally brought, and the court had jurisdiction of the defendant's person and the cause of action set out in the original complaint. We think the rule is:

"When service has in fact been made, so as to give a court jurisdiction, but the proof thereof is defective, or altogether lacking, the defect may be remedied or the proof supplied after judgment. It is the service, and not the proof thereof, that gives the court jurisdiction."

*Von Arx* v. *Boone*, 193 Fed. 612, 113 C. C. A. 483, so states the rule, and cites many cases to support it.

The action is one to foreclose a lien for labor done and material and merchandise furnished the Oatman Boy Mining & Milling Company as lessee in working and developing certain mining claims of the Lucky Boy Mining & Milling Company. The right to assert the lien is based upon paragraph 3654 and subdivision 2 thereof of the Civil Code and amendments thereto (chapter 67, Regular Session Laws 1915). It is provided therein that persons performing labor or furnishing material or merchandise to the lessee of a mine or mining claim or to the lessee's agent or contractor, where the terms of the lease permit the lessee to develop or work the mine or mining claim, may have a lien upon the same "for such sums as are unpaid." The complaint is that, while the Oatman Boy Company was made a party by the lien claimants, it was not served with process, and any judgment against it settling the amount of the lien claims was without jurisdiction and void. This was the view taken by the court in vacating and setting aside the judgment against the Oatman Boy Company.

The record shows that separate money judgments were entered in favor of the lien claimants against the Oatman Boy Company, the primary debtor, followed

by an order of foreclosure of liens on appellant's mining claims and an order of sale thereof ''or so much as may be necessary to satisfy the foregoing judgment, costs and expenses.'' After the judgments against the Oatman Boy Company were vacated, it is the contention of the appellant, that there was no amount settled or adjudicated for the purpose of enforcing the liens. There could be no lien without a debt. The very basis of a lien is that the claimant is owed for labor or for material or merchandise furnished the lessee or his agent or contractor in working and developing the mines, and the amount owing on that account must necessarily be established and adjudicated before any lien could be foreclosed against the mining claims. The court did adjudicate and settle the amount due the lien claimants from the Oatman Boy Company, but, upon discovering that such company had not been served with process, concluded that its action in that regard was without jurisdiction and vacated said judgment. So it is quite clear the appellant's point here made is well taken. The judgment, after being vacated as to the Oatman Boy Company, fails to show that there is anything whatever owing from said company to the different lien claimants.

The appellee contends that it was not necessary originally to make the Oatman Boy Company a party to the suit, or, having done so, to procure service upon it, or to have had judgment against it. The courts of the country are not in accord as to whether the contractor is a necessary party in a suit by subcontractors to enforce liens. 2 Jones on Liens, section 1574, states the rule as follows:

''The original contractor is a necessary party to a proceeding by a subcontractor, because the contract relation and state of accounts between the owner and the original contractor, and between the original subcontractor, must be adjudicated before the lease can

be established and the rights and liabilities of the parties ascertained.''

The best statement of the reason of the rule as announced by Jones that we have found is in *Davis* v. *Mouat Lumber Co.,* 2 Colo. App. 381, 31 Pac. 187, as follows:

''The initial question naturally presented in the order of events concerns the parties to the suit and the method by which they have been brought into court. Our statute lacks the definite direction, which some enactments contain that all persons in interest, including owners, contractors and lienors, shall be made parties. But the essential character of the suit, the indebtedness upon which the right to a lien rests, and the general provision concerning the entry of judgment, as clearly as the definite direction of the other acts, require the presence of the contractor in a suit by the materialman to recover for that which he has furnished. However true it may be that the principal purpose of that suit is to enforce the lien against the property and thereby recover the debt due from the contractor, it is as equally certain that that debt is the foundation of the action, and unless it exists, and is then enforceable, the incidental right to enforce the lien cannot prevail. Many of the cases which have passed upon the question put their decisions upon the ground that the inquiry necessarily involves the contract relations and state of accounts existing between the contractor and the one seeking to enforce the lien; that without the establishment of that debt there can be no right of recovery by the subcontractor, and his right to a lien is dependent upon the establishment of his claim or debt against the contractor. With this, say the authorities, the owner has nothing to do, and the burden of establishing that claim is put by the law upon him who brings the suit and seeks the relief. On this broad general basis, regardless of the statute, it has been often held that the contractor was an indispensable party to the action.''

While our statute does not in direct terms provide that the contractor shall be made a party to the suit

to foreclose lien, it imposes duties upon him that only a party to the suit can efficiently and properly discharge. Paragraph 3650 makes it the duty of the contractor, when an action is brought to foreclose a lien claimed by any other person than himself, to defend it "at his own expense." This evidently contemplates that he shall defend it as a party to the suit. Indeed, we know of no law that would permit him to defend, except by grace of the court, unless he was a party. The note to *Bacon* v. *Reichelt,* Ann. Cas. 1918B, 6, says:

"The great weight of authority is that the principal or original contractor is a necessary party defendant to an action to foreclose a mechanic's lien, and that the lien cannot be enforced without making him a party unless the owner waives his right to have him joined"

—and cites authorities from many of the states sustaining the proposition. What would constitute a waiver of the right to have the contractor made a party generally it is not necessary to decide. It is clear from the facts there could have been no waiver in this case. The plaintiff joined the contractor (Oatman Boy Company) with the mine owner (Lucky Boy Company), and served the latter with process so showing, thereby leading the Lucky Boy Company to believe that if a lien was fastened on its property it would be for a sum settled and adjudicated between the contractor and the lien claimants. The appellant had a right to rely upon this being done.

It would seem that the person or corporation who contracts a debt that may become a lien against the property of someone else, and who knows better than anyone whether the claim is a just and honest one or not, should be a party to any suit having for its object the determination of the amount owing and its lienability. He it is who knows the terms of the contract

under which the indebtedness was incurred, whether the contract has been performed, the consideration therefor, what, if anything, has been paid thereon, and the amount still unpaid. It was these considerations doubtless that influenced the legislature to require the contractor to defend these suits at his own expense. We conclude, therefore, that the Oatman Boy Company was not only a necessary party, and that service of process should have been had upon it, but that the amount of the debt should have been ascertained and adjudicated for the purpose of enforcing the lien. *St. Louis, I. M. & S. R. Co.* v. *Love,* 74 Ark. 528, 86 S. W. 395; *Hoye Coal Co.* v. *Colvin,* 83 Ark. 528, 104 S. W. 207.

Appellant also objects to the manner in which Tarr, McComb & Ware Commercial Company became plaintiffs and the Central Commercial Company, Farrow and Sampson became defendants. The statute (paragraph 3660, Civ. Code) permits any number of friendly lien claimants to join as plaintiffs in the same action, or, if they have commenced separate actions, they may be consolidated on motion of a party or the court. Lien claimants refusing or failing to join as plaintiffs must be made parties defendant, and, if overlooked, may be allowed to intervene before final hearing. The purpose of this statute is to dispose of all lien claims of a common origin against the same property in one action or proceeding. All lien claimants may appear as plaintiffs, or some as plaintiffs and others as defendants or interveners. The essential thing is that all liens against the property be adjudicated at the same time. The paragraph of the statute that authorizes this informal procedure as to laborers' and materialmen's liens says:

"The owner of the property to which such lien shall have attached, shall be made a party to the action."

It is therefore indispensable that the owner of the property should be advised or notified in the manner provided by law of each and every lien claimed, whether it be set forth in a complaint with a number of other liens or in a separate action. In either case, if he is served with a copy of the complaint and summons as required by law, he will learn therefrom the persons claiming liens against his property and what for. This is the statutory way of getting jurisdiction of the defendant's person, and the only way, except where the defendant voluntarily waives such service by entering his appearance. When on December 27, 1919, appellant was served with process, Moore was the sole plaintiff in the action. That service then did not notify appellant that Tarr, McComb & Ware Commercial Company were asking that a lien claimed by them be foreclosed against appellant's mining claims because they had not joined with Moore in the action. The act of filing a paper in the Moore case on January 2, 1920, and calling it an amendment of the complaint certainly did not relieve Tarr, McComb & Ware Commercial Company from the legal duty of serving process upon the appellant property owner, and without service of summons and copy of complaint as thus filed the court acquired no jurisdiction to adjudicate their claim of lien. The attorney for plaintiff, upon motion to vacate judgment, made an affidavit that possibly can be construed to say he mailed a copy of complaint after it was changed by adding Tarr, McComb & Ware Commercial Company as plaintiffs, to Denton, agent of appellant. If it be granted that Denton received such information by mail, it is not the service provided by law. Appellant was entitled to be served with process as in an independent suit, for that was in effect what it was.

The appellant was also entitled to be served with copies of the answers of the Central Commercial Com-

pany, Farrow, and Sampson. There is nothing of record to show that it or its agent, Denton, or any other person representing it, ever knew that said defendants appeared and asked to have liens foreclosed on its property. At most, then, Moore was the only lien claimant that had legally brought the appellant into court. Appellant might have conceded the fairness and justness of his claim, and permitted judgment by default. Whether appellant would have considered the other lien claims in the same light or not, it had the unquestioned right to be informed about them, and to contest them, if it so chose. The court's jurisdiction to render judgment against the appellant was limited to that particular lien claim made by Moore in his complaint; it being the only case in which the appellant was before the court.

The judgment, however, cannot stand in favor of Moore, for the reason that the amount of his lien claim was not ascertained or adjudicated. We are of the opinion that appellant's appearance to move the vacation of judgment against it and the prosecution of this appeal from the judgment was a general appearance for all purposes on a retrial.

The order is that the judgment be reversed, and the cause remanded, for further proceedings after service of summons is had upon the Oatman Boy Company.

McALISTER and FLANIGAN, JJ., concur.