[Civil No. 2012.   Filed March 14, 1923.]

[213 Pac. 391.]

# J. R. LANIER and SADIE R. LANIER, Appellants, v. C. C. LOVETT, Appellee.

1. APPEAL AND ERROR—FAILURE TO MAKE CONTRACTOR A PARTY IN SUIT TO FORECLOSE MECHANIC'S LIEN HELD NOT ASSIGNABLE AS ERROR WHERE OBJECTION NOT MADE BELOW.—In an action by a subcontractor to foreclose a mechanic's lien against owner of property improved, the failure of plaintiff to obtain service upon the original contractor and his nonappearance, *held* not assignable as error on appeal, where no objection was made in the court below.

2. MECHANICS' LIENS—THOUGH OWNER NEED PAY ONLY REASONABLE VALUE AND IS NOT BOUND BY AGREED PRICE BETWEEN CONTRACTOR AND LIEN CLAIMANT, SUCH PRICE IS PRIMA FACIE CORRECT.—Under Civil Code of 1913, paragraph 3639, relating to mechanics' liens, an owner may not be compelled to pay more than the reasonable value of labor or materials furnished, and is not bound by the agreed price between the contractor and the lien claimant, but such agreed price may be taken as *prima facie* correct.

3. MECHANICS' LIENS — PLUMBING MATERIAL PROPER SUBJECT FOR LIEN—"PLUMBING MATERIAL."—The material used in a plumbing job is understood in a general way to mean such articles as gas, sewer and water pipes, sinks, bathtubs, etc.; such articles being proper subjects for a mechanic's lien contemplated by Civil Code of 1913, paragraph 3639.

4. MECHANICS' LIENS—LIEN NOTICE HELD TO COMPLY WITH STATUTE. A statement of the terms given and conditions of the contract contained in a notice of lien, to the effect that plaintiff subcontractor was to install all plumbing and furnish all material in the construction of plaintiff's home for the lump sum of $372, to be paid on the completion of the job, and giving the lot number and description, designating the owner thereof, and giving the name of the contractor, *held* a sufficient compliance with Civil Code of 1913, paragraphs 3640, 3641; the omission in the notice to itemize the different articles going into the job and days of labor consumed not being necessary where the contract was between the contractor and plaintiff subcontractor to be paid for not as furnished or rendered, but as a whole.

5. MECHANICS' LIENS—STATUTE RELATIVE TO NOTICE DOES NOT REQUIRE "ACCOUNT."—Civil Code of 1913, paragraph 3640, stating

See 3 C. J., pp. 766, 987; 27 Cyc. 45, 96, 121, 211, 122, 407, 418.

what a notice of mechanic's lien shall contain, does not require the notice to contain an "account" of the demand, but if the statute means that the notice must contain an account of the demand, a statement of the terms, time given and conditions of the contract to the effect that plaintiff subcontractor was to install all plumbing and furnish all materials for the lump sum of $372 to be paid on the completion of his contract, is not insufficient, though it is not an account, since it affords notice to the owner and public.

6. MECHANICS' LIENS—TERMS USED IN NOTICE DESCRIBING IMPROVE-MENT HELD IMMATERIAL.—A notice of lien provided for in Civil Code of 1913, paragraph 3640, is not uncertain as to what the claim of lien is upon, where the notice described the improvement as "building" in one place, "a certain building, improvement or structure" in another, since, under paragraph 3644, the fact that a lot has buildings or improvement on it other than those against which the lien is claimed cannot affect the lien, for whatever is on the lot would, under paragraph 3644, be a part of the realty and become subject to the lien.

7. MECHANICS' LIENS—SUBCONTRACTOR HAS BURDEN OF PROVING REA-SONABLE VALUE.—The burden of proving reasonable value, when controverted, falls upon the subcontractor.

8. APPEAL AND ERROR—AS AGAINST OWNER, SUBCONTRACTOR HELD TO HAVE MET BURDEN OF PROVING REASONABLE VALUE OF LABOR AND MATERIAL FOR WHICH LIEN CLAIMED.—Where, in an action by plaintiff's subcontractor against defendant owner to foreclose plaintiff's mechanic's lien as provided in Civil Code of 1913, para-graphs 3639–3663, plaintiff proved the contract price, the wholesale value of the material used, and the scale of wages paid for the labor, but defendant failed to cross-examine plaintiff or introduce contradictory evidence and the question of insufficiency of evi-dence to establish reasonable value of labor and material was not included in the motion for new trial or otherwise objected to, held, plaintiff sustained the burden of proof of reasonable value.

9. MECHANICS' LIENS—STATUTE HELD TO CONFER ON SUBCONTRACTOR RIGHT TO MECHANIC'S LIEN, THOUGH WORK DONE BY EMPLOYEES. Since Civil Code of 1913, paragraph 3639, provides that any firm or corporation is given the same right to a mechanic's lien as "any person . . . who may labor," and since a firm or corporation can only act through its officers or employees, the legislature must have intended to give the same right to a contractor or subcon-tractor to file a lien for labor furnished by him through em-ployees.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Affirmed.

Mr. R. E. L. Shepherd and Mr. Earl Anderson, for Appellants.

Messrs. Baker & Whitney, for Appellee.

ROSS, J.—This suit involves the establishment and foreclosure of a lien under the mechanic's lien law. It was instituted against J. R. Lanier and Sadie R. Lanier, his wife, as the owners, or reputed owners, of lot 4, block 11, East Evergreen addition to the city of Phoenix, and N. S. Brown as the contractor to whom, the notice of lien and the complaint state and allege, the material was furnished and the labor and services rendered. The case was tried before the court, without a jury, and at its close judgment for the amount of the lien claim was entered against the defendants Lanier only for the foreclosure of the mechanic's lien. From this judgment the defendants appeal.

The defendants' first contention is that the court committed error in entering judgment establishing the lien and foreclosing it against defendants Laniers' property, in the absence of Contractor Brown, who was not served with process and did not appear. It is insisted that the contractor was a necessary or indispensable party defendant.

In *Lucky Boy Min. & Mill. Co.* v. *Moore,* 23 Ariz. 291, 203 Pac. 556, the very question raised was passed upon and the conclusion reached that the original contractor was a necessary party. Following the authority of some of the cases cited therein to the effect that the owner of the property, against which the lien is sought, may waive his right to have the original contractor joined in the suit, we think this case affords an example wherein there was such waiver.

The failure of plaintiff to obtain service upon the original contractor, and his nonappearance, were not

raised in the court below. The trial proceeded, both parties introduced their evidence, and the judgment of foreclosure was entered without any objection on the part of the defendants. It was not made the basis of a motion for new trial. It is first suggested on appeal.

In *Lewis* v. *Beeman,* 46 Or. 311, 80 Pac. 417, the lien claimants made the contractors parties defendant in their complaint, but failed to serve them with summons, and they did not appear in the action. The case proceeded to trial, the parties introduced their evidence, whereupon the defendant land owner objected to the entry of the judgment because the contractor had not been served with process. Upon that state of the record, the trial court refused to enter judgment for the plaintiff, and upon appeal there was a reversal; the Supreme Court stating:

"The statutory requirement of making persons parties who are personally liable, which was enacted for the benefit of the mine owner, is not one in the enforcement of which the public has an interest, and therefore such owner can waive the advantage which the law confers. This he does when he fails to demand that the persons personally liable shall be brought in for his protection, . . . and, in the case at bar, as the Beemans did not object to the defect of parties until after the testimony was taken, they thereby voluntarily relinquished the right upon the exercise of which they insisted, when the cause was submitted, in dismissing which the court erred."

If there was a waiver in that case merely by delaying to interpose an objection until after the testimony was introduced, it would seem that the conduct of the defendants in this case should be construed as a waiver, since they not only participated in the trial and acquiesced in the entry of judgment in the lower court, but entirely failed to raise the question until it reached the Supreme Court.

*Brace etc. Mill Co.* v. *Burbank,* 87 Wash. 356, Ann. Cas. 1917E, 739, 151 Pac. 803.

It is next contended that the notice of lien is insufficient in not specifying the material furnished or labor performed, or what labor and material the lien claimant's contract with Brown required him to furnish, or what he was required to do under such contract.

Paragraph 3641, Civil Code of 1913, prescribes a form of lien notice, which in this instance was followed in its general outline. Subdivision 1 of the notice of lien affirms the performance of labor and furnishing of materials in the construction of the building, improvement or structure, and describes the lot upon which said building, improvement or structure is located, giving its number and description according to the map of East Evergreen addition to the city of Phoenix. Subdivision 2 designates J. R. Lanier as the owner of said lot, and states that he caused said improvements to be made. Subdivision 3 gives the name of N. S. Brown as the contractor. We quote subdivisions 4 and 6:

"(4) That on the 14th day of October, 1920, he (claimant) entered into a contract with said N. S. Brown for the furnishing of labor and material and for the installation of plumbing in said building which contract was oral, and the following is the statement of the terms, time given and conditions thereof:

"That affiant agreed with said N. S. Brown to furnish the materials and to perform the labor necessary for the installation of all the plumbing on said above-described premises, and that said plumbing, and the materials furnished therefor, and the labor performed thereon, was to be paid for upon the completion of the building by said N. S. Brown."

"(6) That the following is a statement of his demand under said contract, after deducting all just credits and offsets:

"Original contract price, $372.00.

"Amount paid thereon, 000.00.

"Amount due and unpaid after deducting all just credits and offsets, $372.00.''

Paragraph 3640, Id., provides what the notice of lien shall contain as follows:

"(a) A description of the lands and improvements to be charged with the lien, sufficient for identification.

"(b) The name of the owner or reputed owner of the property concerned, if known, and also the name of the person by whom the lienor was employed or to whom he furnished materials.

"(c) A statement of the terms, time given and conditions of his contract, if the same be oral, or a copy of the contract, if written.

"(d) A statement of the lienor's demand, after deducting all just credits and offsets."

The defendants' contention is that the contract set out in the notice of lien does not meet the requirements of this statute, in that it does not state what labor was to be performed or material furnished and, further, that the notice itself is defective in not itemizing such material and labor.

It seems to us the contract as stated is not open to serious criticism, since it embraces all work and material to a completed job of plumbing. The omission in the notice of lien to itemize the different articles that went into the job, and the days of labor consumed in placing them, may be excused on the theory that they were not, under the contract between the contractor and plaintiff, to be paid for as furnished or rendered, but as a whole. It is true, the owner may not be compelled to pay more than "the reasonable value of labor or materials furnished" (paragraph 3639, Civ. Code), and is not bound by the agreed price between the contractor and the lien claimant, yet such agreed price may be taken as *prima facie* correct. *Mitchell Planing Mill Co.* v. *Allison*, 138 Mo. 50, 60 Am. St. Rep. 544, 40

S. W. 118. The material used in a plumbing job is perhaps understood in a general way, as well as if enumerated, to mean such articles as gas, sewer and water pipes, boilers, sinks, bath-tubs, etc., all proper subjects for a lien, and we can think of no serious objection to an agreement to furnish the material and install it for a lump sum, as long as the sum is the reasonable value thereof. We think the "statement of the terms, time given and conditions of the contract," as contained in notice of lien, to the effect that plaintiff was to install all plumbing and furnish all material for the lump sum of $372, to be paid on the completion of his contract, was sufficient compliance with the law. The "statement of the lienor's demand" referred to in the statute is not the term generally used in the same connection in the statutes of other states. Under a statute in California that required the notice to contain "a just and true account of the demand," it was said:

"It was unnecessary to set out the items of the account. Nothing more was required than a statement of the demand, showing its nature and character, and the amount due or owing thereon." *Brennan* v. *Swasey*, 16 Cal. 141, 76 Am. Dec. 507.

In *Jewell* v. *McKay*, 82 Cal. 144, 23 Pac. 139, a statute requiring the lien claimant's notice to "contain a statement of his demand" was construed as not meaning an itemized account.

It will be noted that our statute does not require the lien notice to contain an "account" of the demand, as in some statutes; but, if it be viewed as meaning the same thing, the statement of the lienor's demand is not insufficient, since it affords notice to the owner and the public.

As is said in *Mitchell Planing Mill Co.* v. *Allison, supra:*

"The account which this law contemplates is such a statement of the claim as fairly apprises the owner

and the public of the nature and amount of the demand asserted as a lien. The account may consist of one or more items. It may be all on one side, or mutual in its showing. To be valid, however, it must disclose on its face that the demand is of a sort within the terms of the lien law. The affidavit required to verify the account may be considered along with the account itself in ascertaining the sufficiency of the latter."

It is next objected that the lien notice is insufficient because it does not describe the improvement to be charged with the lien. In the notice, the improvement is described as "a building"; in another place, and thereafter, as a "certain building, improvement, or structure." It is contended that this lack of uniformity of description makes the notice uncertain as to what the claim of lien is upon.

Of course, there may be a wide difference of meaning in the words "building," "improvement," and "structure"; but we think that would depend upon the context in connection with which they are used. They might mean the same thing, for, in a certain sense, a building is an improvement and also a structure, and *vice versa*, an improvement or structure may be a building. We think the essential thing is that the labor performed and material furnished were placed upon the premises of the defendant, at his instance and request, and not the nomenclature employed to describe the improvement.

"If in a city or town [the statute reads] the lien herein provided for shall extend to and include such lot or lots of land upon which said houses, fixtures or improvements are situated, or upon which such labor was performed." Paragraph 3644, Civ. Code.

In view of this provision of the law, the fact that the lot has, or may have, other buildings or improvements on it than those against which the lien is claimed, cannot affect the situation, since whatever

is on the lot would be a part of the realty and become subject to the lien. The evidence shows that the building constructed by the contractor, Brown, was a combination garage and dwelling, and if, for any reason, it became necessary to identify it from other buildings on the lot, we know of no reason why that could not be done upon the trial.

It is also claimed the $372 charged for the material and installation of the plumbing in the building was not shown to be the reasonable value thereof.

The plaintiff, testifying in his own behalf, stated that the agreed contract price for the material and installing the plumbing in building was $372, and exhibited to the court an itemized statement of material showing what he had paid for it. He said the prices of the different articles of the account were the wholesale price and the actual cost to him. He testified the scale of wages for first-class plumbers in October and November of 1920 (when the plumbing was done) was $12 per day of eight hours, and that he had charged for labor at that rate. He was not cross-examined by defendant as to these items, nor did defendant introduce any evidence controverting plaintiff's testimony on the issue of values. The question of the insufficiency of the evidence to establish the reasonable value of labor and material was not called to the attention of the trial court by motion for a new trial, or otherwise. The indifference of defendant to this issue during the trial can be accounted for only upon two grounds: (1) That he believed the agreed price for work and material was their reasonable value, or (2) that he elected to pass the question over and use it at a later date in the Supreme Court to secure a reversal. We prefer to think his indifference was induced by the first reason given, and that his present attitude is an afterthought. But, whichever it was, it would

seem, in the interests of justice, the result should
be the same.

It is said in 18 R. C. L. 938, section 71:

"The price agreed upon for labor or materials
between a subcontractor and the contractor, is, *prima
facie,* the reasonable value, and if a contract is en-
tered into for a specific sum for labor or material, and
is complete within itself, a detailed statement of the
account is unnecessary."

See, also, *Charles* v. *Hallack Lumber & Mfg. Co.,*
22 Colo. 283, 43 Pac. 548; *Whittier* v. *Logus,* 13 Or.
546, 11 Pac. 305; *Wagoner Und. Co.* v. *Jones,* 134 Mo.
App. 101, 114 S. W. 1049. In the latter case it is said:

"In the absence of proof to show the articles in
controversy were not sold under fair trade conditions,
but that competition had been stifled or prices other-
wise inflated, their reasonable value was their market
value . . . where they were sold."

It is the well-settled rule that a subcontractor may
not recover from the owner for labor and material
more than their reasonable value. *Harbridge* v. *Six
Points Lumber Co.,* 17 Ariz. 339, 152 Pac. 860. And
the burden of proving such reasonable value, when
controverted, devolves upon the subcontractor. We
think in this case he has sustained that burden by
proving the contract price, the wholesale value of the
material used, and the scale of wages being paid for
the labor performed at the time, especially in view of
defendant's attitude toward the question of values
in the trial court.

Phillips on Mechanics' Liens, section 204, states:

" . . . If there is no evidence to show that the
materials furnished by a subcontractor are worth
less than the price agreed on between him and the
principal contractor, he is entitled to a lien for this
agreed price. The owner, when sued by a subcon-
tractor, would be able to impeach the contract only
for fraud or mistake. The contract in either case is
admissible in evidence."

There was not only no effort to impeach the contract price as unreasonable, but acquiescence therein by neglect to question it.

Finally, it is contended that a contractor or a subcontractor is not entitled to a laborer's or mechanic's lien, under paragraph 3639 of the Civil Code, unless such persons actually perform labor in the construction of building. The evidence is not entirely clear as to whether plaintiff did the actual labor of installing the plumbing or employed others to do it. But assuming that others than himself did the work, we are satisfied the terms of the statute are broad enough to allow the subcontractor a lien therefor. It reads:

"Every person, firm or corporation who may labor or furnish materials, machinery, fixtures or tools to be used in the construction . . . of any building . . . shall have a lien . . . for the work or labor done or materials . . . furnished, whether said work was done or articles furnished at the instance of the owner of the building, or improvement, or his agent."

It will be noted that any "firm or corporation who may labor" is given the same right to a lien as "every person . . . who may labor." Since a corporation can only do things through its officers, agents and employees, it is difficult to understand how it could have a lien for labor in the construction of any improvement unless it be for the labor of its employees. The same may be said, in a measure, of a firm. If therefore a corporation or firm as a contractor or subcontractor is given the right to a lien for labor furnished or rendered, it must be that the legislature intended the individual contractor or subcontractor to have the same right.

Defendants cite *Ft. Worth & D. C. Ry. Co.* v. *Read* (Tex. Civ. App.), 140 S. W. 111, and *Eastern Texas R. Co.* v. *Davis*, 37 Tex. Civ. App. 342, 83 S. W. 883,

construing the Texas statute, as not allowing a lien to contractors or subcontractors except for their own labor, as in point.

The Texas mechanic's lien law is different from ours; and the decisions thereunder lend no aid in construing our statute, as is easily apparent when the statutes are compared.

Not discovering any prejudicial error in the record, the judgment of the lower court is affirmed.

McALISTER, C. J., and LYMAN, J., concur.