215 P.2d 1020

**PALMER et ux. v. APPERSON.**

No. 5153.

Supreme Court of Arizona.

May 4, 1950.

Terrence A. Carson, of Phoenix, for appellants.

Stahl & Murphy, of Phoenix, for appellees.

PHELPS, Justice.

Cecil H. Apperson, doing business as Apperson Construction Company, plaintiff, brought this action against Ralph E. Palmer and Bernice Palmer, defendants therein, on an oral contract in which plaintiff had agreed to construct a trailer court for defendants on property owned by them. The complaint alleged that a labor and materialmen's claim of lien against said property had been filed in the office of the county recorder of Maricopa County and prayed for judgment for a sum certain against defendants, declaring it to be a lien against defendants' property and for a foreclosure of said lien. The First Federal Savings & Loan Association was joined as a party defendant because of certain mortgages held by it against defendants' property here involved upon which no issue is presented for our consideration.

Plaintiff went to trial before a jury on the original complaint, the pertinent allegations of which will be hereinafter related.

Defendants, answering the complaint, denied the material allegations thereof and in addition thereto filed a cross-complaint setting forth their version of the oral contract between plaintiffs and defendants and alleging a breach thereof and prayed for damages in the sum of $3,037.83 against plaintiff. An answer was filed by plaintiff to the cross-complaint and upon the issues thus formed the cause proceeded to trial.

At the close of plaintiff's case he presented a motion to amend his complaint to conform with the evidence produced by him. The court overruled defendants' objection thereto and permitted the filing of the amended complaint. The defendants then proceeded to put on their testimony and at the conclusion of the trial the jury returned a verdict in favor of plaintiff on his complaint in the sum of $3,706.62, and a verdict in favor of defendants on their cross-complaint in the sum of $501. Thereupon the court ordered the entry of a money judgment only in favor of plaintiff and against defendants for the sum of $3,205.62. The labor and materialmen's claim for a lien was held void and of no effect. From this judgment and the order of the trial court denying defendants' motion for a new trial, defendants prosecute this appeal.

Defendants presented several assignments of error but asserted both in their briefs and in their argument to this court that these assignments resolve themselves into one proposition of law, viz., "That it was error for the court to permit the plaintiff to file *and* (an) amended complaint and change his theory of the case and to set up a new cause of action."

Let us examine the original and the amended complaint and by comparison ascertain whether defendants' contentions are well founded. The original complaint alleges in substance that:

The defendants were the owners of certain real property located in the county of Maricopa, State of Arizona; that on or about the 14th of December, 1946, plaintiff entered into an oral agreement with defendants for the performance of certain work and to furnish certain materials for the construction of a *tourist* court and for the alteration and repairs of certain buildings located upon the premises and that defendants agreed to pay therefor the cost of labor, materials and other expenses connected with the work, plus 5% of said sum 'for overhead and 10% for profits to the plaintiff; that there was to be added thereto the Arizona sales tax on the materials. The payment by defendants to plaintiff was to be made upon the completion of the work, and that the work was completed on April 24, 1947, but that defendants did not pay to plaintiff the amount due under the contract and that he, on June 13, 1947, duly filed in the office of the county recorder of Maricopa County his notice and claim of lien against said property which notice for claim of lien was attached to the complaint.

That at the time the notice and claim of lien was filed there was due and owing from defendants to plaintiff the sum of $3,892.78; that thereafter $223.48 was paid by defendants to a subcontractor and that there remained due to plaintiff the sum of $3,669.30.

Plaintiff asks for judgment in the sum of $3,669.30 with interest at 6% per annum 'from April 24, 1947; that judgment for said amount should be declared to be a lien upon the property of the defendants described in the complaint and for a foreclosure of said lien, and that special execution issue thereon.

The amended complaint describes the same property as that described in the original complaint and alleges defendants to be the owners thereof.

It alleges that on or about the 14th day of December, 1946, plaintiff entered into a contract with defendants for the performance of certain work, furnishing of certain materials for the construction of a *trailer* court and the alteration and repairs of certain buildings located upon the premises, and that he performed certain additional work and furnished certain additional materials at the request of de-

fendants and that defendants agreed to pay him for the construction of said court and for alteration and repairs, the cost of the labor and materials and other expenses connected therewith plus a fee of $1,251; that the payment therefor was to be made upon being billed as the work progressed and the balance upon the completion of the work; that the work was completed on April 24, 1947, except certain portions thereof which defendants requested and directed the plaintiff not to do or perform; that plaintiff expended for the cost of labor and materials in the performance of his work $9,013.62 and has been paid therefor the sum of $5,307; that there remained due and unpaid from defendants to plaintiff the sum of $3,706.62; that defendants did not pay plaintiff and on the 13th of June, 1947, plaintiff filed in the office of the county recorder of Maricopa County his verified notice and claim of lien against the property, a copy of which is annexed to the amended complaint; that the amount stated in the notice and claim of lien of $3,892.78 was in error and that it had since been ascertained that the true amount was $3,706.62.

Plaintiff asked judgment against defendants for the sum of $3,706.62 with interest thereon at 6% per annum from April 24, 1947; that the judgment for said sum be adjudged and declared to be a lien upon the real property described in the amended complaint and for a foreclosure of said lien, and for special execution to issue thereon.

In the light of the above comparative allegations it is difficult to understand how counsel for defendants can claim that there has been either a change in the theory of the case or in the cause of action. The allegations parallel each other almost identically with one exception. In the original complaint plaintiff claims that under the oral contract defendants were to pay him for the cost of labor and material and other expenses plus 5% overhead and 10% profit to be paid on completion of the work whereas in the amended complaint he alleges that defendants were to pay the cost of labor and material plus a fixed fee of $1,251. Plaintiff testified upon the witness stand emphatically that this amount of $1,251 was arrived at on a basis of 10% of the estimated cost of construction and that this flat fee was to be paid regardless of whether the cost was more or less than the estimated amount. The only other material difference in the pleadings is that in the original complaint plaintiff alleged that the amount due him was to be paid upon completion of his work. In the amended complaint he alleged it was to be paid when billed as the work progressed. The causes of action are identical based upon the same work upon the same contract with minor modifications and upon the same allegation of breach. The

claim that plaintiff changed his theory of the case is wholly without merit. Counsel neither in his briefs nor in his argument to the court pointed out, or was able to point out, in what manner plaintiff changed his theory of the case. In both the original and amended complaint he asked for a judgment in a specific amount, that the judgment for said sum be declared a lien against the premises described in the complaints, and for a foreclosure of the labor and materialmen's claim of lien. The court therefore did not err in permitting the amendment to be made at the close of plaintiff's case. Rule 15(b) being section 21-449, A.C.A.1939, expressly provides for such an amendment. Aiken v. Protis, 59 Ariz. 101, 123 P.2d 169, 171, cited by plaintiff is not in point and does not sustain his position. In that case the plaintiff sought to amend his complaint, basing his cause of action upon an entirely different contract from that relied upon in the original complaint. In his complaint he alleged upon a contract between Protis and Bakery Service Company and by the company assigned to him. By the proposed amendment he sought to set up a contract between himself and Protis directly. This request the court refused and properly so. The court said in that case:

"* * * It is urged that it has always been the rule in Arizona that amendments should be allowed liberally in the interest of justice, so that cases should ultimately be tried on their merits and not on technical questions of procedure.

"The general rule of law is unquestionably as stated by plaintiff. * * * It is evident from this testimony that to permit the amendment would necessarily have completely altered the entire theory of the case, would have required a reformation of a written contract, and have destroyed a perfect defense going to the validity of the contract itself, regardless of whether it was assigned or not. * * *."

In Town of Holbrook v. Girand, 52 Ariz. 291, 80 P.2d 695, 698, 118 A.L.R. 1203, where an action was brought upon an express contract and in fact tried upon a quantum meruit the court said: "* * * But under our modern practice it is generally held that a complaint seeking to recover upon an express contract may be amended so as to ask for a recovery on quantum meruit, providing that it adheres to the same transaction in both cases. * * *."

▇▇▇ Defendant argues that under the law plaintiff may not recover a personal judgment against a defendant where, as here, a labor or materialmen's claim of lien has been declared invalid. There are some authorities that support this contention but the great weight of authority is to the contrary and certainly is based upon the sounder reasoning. 36 Am.Jur., page

172, Par. 283; Volker-Scowcroft Lumber Co. et al. v. Vance et al., 36 Utah 348, 103 P. 970, 24 L.R.A.,N.S., 321, Ann.Cas.1912A, 124. We have held that where the owner personally contracts with the materialman, a personal judgment may be rendered against the owner for the materials furnished. Harbridge v. Six Points Lumber Co., a corp., 17 Ariz. 339, 152 P. 860; Lanier v. Lovett, 25 Ariz. 54, 213 P. 391. But where the owner contracts with a contractor and not with the materialman, the materialman is entitled only to a lien against the property of the owner, not for the contract price, but only for the reasonable value of the materials furnished; Id. The same rule is, of course, equally applicable to one who performs labor under like circumstances. In the instant case the contract was directly between Palmer and Apperson. Therefore under the rule laid down in our former decisions plaintiff is entitled to a personal judgment against defendants.

No question is raised on this appeal as to the correctness of the respective amounts awarded by the jury on the amended complaint and on the cross-complaint.

Judgment of the lower court is therefore affirmed.

LA PRADE, C. J., and UDALL, STANFORD and DeCONCINI, JJ., concurring.