356 P.2d 648

**MOUNTAIN STATES CONSTRUCTION COMPANY, a corporation, Appellant,**

**v.**

**Frederick RILEY, Appellee.**

**No. 6624.**

Supreme Court of Arizona.

Nov. 2, 1960.

Wilson, Compton & Wilson, Flagstaff, and Warren E. White and Thomas E. McCarthy, Denver, Colo., for appellant.

Stevenson, Brooks & Babbitt, Flagstaff, for appellee.

LESHER, Justice.

Appellee Riley, the plaintiff below, sued to recover on an alleged oral contract of employment. From a judgment in Riley's

favor entered by the trial court sitting without a jury, the alleged employer appeals. No findings of fact or conclusions of law were requested, nor were any made.

In October, 1956, plaintiff contracted in writing with defendant to construct a skyline, or cableway, across the canyon in the area where defendant was engaged in building the Glen Canyon Dam. Later that month plaintiff advised defendant that he could not or would not carry out the contract, for reasons which are in dispute. There is evidence that one of Mountain States' agents thereupon agreed with plaintiff that the original agreement should be cancelled, and that it was mutually rescinded. The parties thereupon entered into the oral negotiations claimed by plaintiff to constitute an employment agreement, pursuant to which plaintiff went to work for defendant supervising part of the cableway construction at the damsite. After working there for some weeks the plaintiff, having unsuccessfully demanded compensation for his services according to the oral agreement, left the job. He subsequently filed this action to recover, under the express oral contract, the sum of $2,500 per week plus certain expenses. Defendant counterclaimed for damages for what it claimed to be the breach by plaintiff of the earlier written agreement.

On the trial, plaintiff sought and obtained leave to amend his complaint by adding a count in quantum meruit. The court heard the case without a jury. It entered judgment for Riley in the amount prayed for in the original complaint. It found for Riley on the defendant's counterclaim. It was not requested to make findings of fact and conclusions of law, and it did not do so.

█ The appellant assigns as error, first, insufficiency of the evidence to support a judgment on an express contract. The scope and nature of this court's review in this circumstance is too well known to require further elaboration. If there is any evidence from which the trial court could reasonably conclude (1) that there had been a mutual rescission of the first written agreement, and (2) that the plaintiff and defendant had entered into an oral employment agreement, then the judgment should be affirmed.

A detailed review of the evidence would serve no useful purpose. Suffice it to say that there is ample testimony from which the trial court could reasonably have arrived at its result. While the evidence is conflicting on almost every issue, the testimony of Riley himself is alone sufficient basis for the judgment. He testified, in substance, that the earlier written contract had been mutually rescinded by him and one Jackson, the agent of the defendant; and that he and Jackson thereupon entered into an agreement whereby Mountain States was to employ him as supervisor of the work of erecting the cableway at a

salary of $2,500 per week plus certain expenses. Riley's testimony is on some important points corroborated by that of the witness Burke. While much of Riley's testimony was contradicted, the trial court was at liberty to believe what and whom it chose. It believed Riley.

Appellant also assigns as error the order of the trial court permitting Riley to amend his complaint to plead an alternative count in quantum meruit. We do not reach the merits of that assignment. The case went to judgment on alternative theories, express contract and quantum meruit. Palmer v. Apperson, 70 Ariz. 35, 215 P.2d 1020; Bush v. Mattingly, 62 Ariz. 483, 158 P.2d 665. The court found for plaintiff. There was competent evidence to support the conclusions that there had been an express oral contract of employment which had been breached by defendant. No findings or conclusions were requested or stated. In such circumstances we will assume that the judgment of the court was based upon the express contract theory. It is basic that the trial court will here be sustained, if it can be sustained, upon any theory which is within the issues and supported by competent evidence. Odom v. First National Bank of Arizona, 85 Ariz. 238, 336 P.2d 141.

Finally, appellant urges that the evidence is insufficient to support a judgment based on quantum meruit. What we have said above disposes of this contention. If the judgment can be sustained on the theory of express contract, it does not matter whether there is any other possible basis for it.

Judgment affirmed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN, and UDALL, JJ., concurring.